# WILLIAM H. ROCKWOOD
## v.
## RICHARD POUNDSTONE.

1. WEIGHT OF TESTIMONY—*who shall judge.* It is not the province of the court to tell the jury in a case where there is much and conflicting testimony, or indeed in any case, which evidence is the strongest. The value of all testimony is to be ascertained by the jury, by weighing it, and to find whichever way it preponderates.

2. AFFIRMATIVE AND NEGATIVE TESTIMONY—*their relative value.* It is not true, that affirmative testimony is to be preferred before negative testimony, so called, under all circumstances.

3. So, in a suit where it became necessary to establish the corner of a government survey, it was held erroneous for the court to instruct the jury, that the affirmative testimony of a witness to a certain fact, as for instance, that he saw a government mound and ditch at a certain point, might be regarded by the jury as stronger proof than the testimony of a witness who swore he did not see such a mound and ditch.

4. IMPEACHING ONES OWN WITNESS. A party may not discredit his own witness by general evidence—the meaning of which is, that a party, after producing and examining a witness, can not prove him to be of such a general bad character as would render him unworthy of credit.

5. CONTRADICTING THE STATEMENTS *of ones own witness.* But a party is not bound by the testimony of his own witness. The rule is, if a witness state facts against the interest of the party calling him, another witness may be called by the same party to disprove those facts; for such facts are evidence in the cause, and the other witness is not called directly to discredit the first, but the impeachment of his credit is incidental, only, and consequential.

6. And the power a party has of disproving the facts sworn to by his own witness, and of proving them to be directly otherwise, is not limited or qualified from regard to the effect which may be thereby produced unfavorable to the credit of the witness. The proof thus given may indirectly, throw the utmost discredit on the witness, and convince the jury that he has designedly deceived them, still it is conceived the party will be at liberty to prove such contrary facts.

WRIT OF ERROR to the Circuit Court of La Salle County; the Hon. MADISON E. HOLLISTER, Judge, presiding.

The facts of the case are sufficiently set forth in the opinion of the Court.

Messrs. GLOVER, COOK & CAMPBELL and Messrs. LELAND & BLANCHARD, for the plaintiff in error

Messrs. GRAY, AVERY & BUSHNELL, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass *quareclausum fregit* brought by defendant in error against the plaintiff in error. The general issue, alone, was pleaded, and verdict for the plaintiff. Motion for a new trial was overruled and judgment on the verdict.

It was admitted on the trial that the plaintiff was, at the time of the alleged trespass, in possession of the south-west quarter of section two, and of the north-west quarter of section eleven, township thirty-two north, range three, and that the defendant tore down one hundred and sixty rods of fence, claimed by the plaintiff to be upon the west line of said section two, and twenty rods of fence claimed to be upon the west line of said section eleven, but claimed by defendant to have been wholly upon the south-east quarter of section ten, each of which last named tracts, it was admitted, were then in possession of Rockwood.

The dispute is as to the location of the line between sections two and three and ten and eleven, as established by the United States Surveyor. The proofs show, that the township of Farm Ridge, in which the lands are situate, was in the first instance, very badly surveyed by the Government Surveyor, rendering it very difficult, half a century having elapsed since the survey, to find a government corner, so called. Much testimony was heard on both sides, on this point and several practical Surveyors were examined. We have considered the testimony carefully, but do not deem it necessary to discuss it, as our

attention has been more particularly called to the law of the case, as laid down by the court in the instructions.

It is insisted by the appellant that the court erred in giving the seventh and ninth instructions for the plaintiff. The seventh is as follows: The affirmative testimony of a witness to a certain fact, as for instance, that he saw a government mound and ditch at a certain point, may be regarded by the jury as stronger proof than the testimony of a witness who swears that he did not see such a mound and ditch.

We do not understand it is the province of the court to tell the jury in a case where there is much and conflicting testimony, or indeed in any case, which evidence is the strongest. It is not true that affirmative testimony is to be preferred before negative testimony, so called, under all circumstances, and that is the purport of this instruction, and was calculated to bias the mind of the jury very much. The value of all testimony is to be ascertained by the jury by weighing it, and to find whichever way it may preponderate. This instruction should not have been given.

The ninth instruction is as follows: The defendant having called the witness Hays, is bound by his testimony, and can not impeach his testimony for probity or honesty.

The last branch of this instruction is correct on authority. A party may not discredit his own witness by general evidence, the meaning of which is, that a party after producing and examining a witness, can not prove him to be of such a general bad character as would render him unworthy of credit. But that he is bound by such testimony is not the law.

The rule is, if a witness state facts against the interest of the party calling him, another witness may be called by the same party to disprove those facts, for such facts are evidence in the cause, and the other witness is not called directly to discredit the first, but the impeachment of his credit is incidental, only, and consequential. 2 Phil. Ev. 448.

It is further said by this writer that the power a party has of disproving the facts sworn to by his own witness, and of

14—38TH ILL.

proving them to be directly otherwise, is not limited or·quali-
fied from regard to the effect which may be thereby produced
unfavorable to the credit of the witness. The proof thus given
may, indirectly, throw the utmost discredit on the witness, and·
convince the jury that he has designedly deceived them, still
it is conceived the party will be at liberty to prove such con-
trary facts. There is no rule of law by which the truth on
such an occasion is to be shut out and justice prevented.
Ib. 450.

By reason of these erroneous instructions, the judgment
must be reversed and the cause remanded. Without these·
instructions it is not to be presumed the jury would have
rendered the verdict they did, and there is nothing in their
finding to satisfy us that justice has been done in the case.

*Judgment reversed.·*