WILLIAM FRIZELL

*v.*

WILLIAM C. COLE.

1. EVIDENCE — *affirmative and negative.* It is a well established rule, that affirmative evidence is entitled to more weight than negative testimony. Where a witness swears a particular act was performed, or particular language was spoken, and that he saw the one or heard the other, such would be affirmative evidence. If another witness were to swear that he was also present, but was giving slight attention, and neither saw the one thing nor heard the other, such would be negative evidence. But, if the latter witness were present at the same time, and had equal means of seeing and hearing, and was giving particular attention to what was done and said, and were to swear that the act to which the other swore did not occur, or the language he swore was used was not spoken,— this would also be affirmative evidence although given in negative form.

2. JURY — *conflicting evidence.* In all cases where the evidence is conflicting, it is the province of the jury to weigh and give to it the weight to which it is entitled. And, in such a case, it is error for the court to instruct them as to which is most entitled to weight or credibility. In doing so, the court invades the province of the jury, and commits an error for which the judgment will be reversed.

APPEAL from the Circuit Court of the county of Washington; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts of this case sufficiently appear in the opinion of the court.

Messrs. WM. H. UNDERWOOD and EDWARD V. PIERCE, for the appellant.

Mr. H. K. S. O'MELVENY, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case for slander, brought by William C. Cole, in the Perry Circuit Court, against William Frizell. The venue was afterward changed to Washington county, where a trial was had by the court and a jury, which

resulted in a verdict in favor of the plaintiff, for the sum of $2,068.33 damages. Defendant entered a motion for a new trial, upon the grounds, that the verdict was against the law and the evidence; that the damages were excessive; that the court gave improper instructions for the plaintiff, and refused proper instructions for the defendant. The court overruled the motion, and rendered judgment on the verdict. The defendant brings the case to this court by appeal, to reverse the judgment. We deem it necessary only to consider the errors assigned, in giving and refusing two of the instructions.

The court gave this among other instructions for appellee:

"Where one credible witness testifies affirmatively that a certain fact took place, or that certain words were spoken; and several other witnesses testify that they were present at the time and place where the fact took place, or where the words were spoken, but did not see the one or hear the other — the testimony of one such affirmative witness is entitled to more weight than the testimony of several such negative witnesses; but it is your province to decide upon the weight of the evidence before you."

But refused to give another for appellant which is its converse, and is this:

"The court further instructs the jury for the defendant that when one witness testifies that a certain fact took place, or that certain words were spoken, and several other witnesses equally creditable testify that they were present at the time and place where the fact took place or where the words were spoken, and had the same means of information, and further testify that such fact did not exist or that the words were not spoken, it is their province to weigh the testimony and give a verdict according to the weight of testimony as it may preponderate on either side."

To determine which of these instructions should have been given, and which refused, it will be proper to refer to the evi-

dence to which the parties severally supposed they applied. In testifying to the words spoken, a number of witnesses state they were present, but they differ widely as to what was said by appellant. A number of appellant's witnesses say, they were present at the same time, the same place, and heard all that was said, and state the language differently from appellee's witnesses. A portion of them give the language spoken, and say, the words sworn to by appellee's witnesses were not spoken by appellant.

The object of evidence is the ascertainment of truth, and to that end many rules have been adopted, which the experience and wisdom of the' great judges of the past have found best calculated to accomplish the purpose of proving and establishing facts upon which the law must act. One of these rules is, that positive evidence is entitled to more weight than negative. This rule is too firmly established to be questioned. But it is necessary that we determine what is affirmative and what is negative evidence. Where a witness swears that a particular act occurred at a specified time and place ; or that particular language was spoken by a person to whom he refers, this is affirmative evidence. But, if another witness were at the same place at the same time, and were to swear that he did not observe the act, or hear the language of which the other speaks, this would be called negative evidence. But, suppose the latter witness were to state that his attention was fully excited to what occurred, and what was said, and that the act of which the other spoke did not occur, or that the language was not used by the person to whom it was attributed, this would be as fully affirmative evidence as the other; if his opportunities were the same, and his attention was equally engaged in reference to the circumstance as that of another, his testimony is affirmative equally with that of the other.

It may be illustrated by a witness who swears that he saw a person at a specified place at a particular time,—another witness, or the person himself, swears, that he was not there at the time, but was then at another place. One of these statements is as much an affirmation as the other. The mere fact that he

makes the affirmation in a negative form does not change its character. On the other hand, a witness says he was at a particular place at a specified time, and did not hear certain declarations, but was giving but slight attention,—this would be slight and negative evidence that the declarations were not made. But, if another person was to state that he was present and heard all that was said, and that no such declarations were made, his evidence would be affirmative. It then follows, that this evidence was affirmative on both sides. *Rockwood* v. *Poundstone*, 38 Ill. 199. There may have been some of the evidence that was negative in its character, but appellant introduced affirmative evidence that he did not use the language that appellee's witnesses affirmatively swear he did use. This then rendered the instruction given for appellee erroneous, unless it had been modified by informing the jury what was affirmative and what was negative evidence; and the instruction asked by appellant announced correct principles and should have been given.

In this case, as in all others where there is conflicting evidence, it is for the jury, in the light of all the surrounding circumstances of the case, to reconcile it, if that may be done, and, if not, then to determine what portion is entitled to weight and what is untrue and should be rejected. It is the sole province of the jury to determine the weight that evidence should receive, and equally so to consider conflicting evidence, without any assistance from the court. In this case the court invaded the province of the jury, and they were very probably misled by the instruction. For this error the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*