Louisville, New Albany and Chicago Railway Company

*v.*

Augustus C. Shires, Admr.

*Filed at Ottawa January 23, 1884.*

1. Evidence—*proof of city ordinance—by the record, or a sworn copy.*
An ordinance of an incorporated city of another State may be proved by the production of the books in which it is recorded, but a sworn copy is also competent evidence. So where a witness, in his deposition, testified that he was city clerk of the city for the year in which the ordinance was passed, that he wrote the record as such clerk, (of which an exhibit attached to his deposition was a copy,) that he compared the exhibit with the record, and that the ordinance was published, etc.: *Held*, that the witness stated enough to allow the exhibit to be admitted as a sworn copy.

2. Same—*opinions of witnesses—medical experts.* On the trial of an action against a railway corporation to recover damages for a personal injury alleged to have been caused by negligence, the plaintiff called a person who was a practicing physician and surgeon, and who was well acquainted with the plaintiff, having met him almost daily for many years, and had been called upon to treat him for the first time when the injury was received, and asked him this question: "What, in your opinion and knowledge of Mr. O.'s previous health and condition, has caused his present illness or disorder, as described by you?" and he answered, "My opinion is, it results from the injury in November last:" *Held*, no error in allowing the question to be answered, it appearing the witness had sufficient knowledge upon which to base an intelligent opinion.

3. In the same case, a witness for the defence, being a practicing physician, was asked this question: "Please state what, in your judgment as a physician, is the present malady of the plaintiff, according to the symptoms as given by Dr. Tillottson?" The witness had stated that he had heard Dr. T.'s testimony, and also that the doctor had made a statement of the case to him on the day before: *Held*, that an objection to the question was properly sustained, as it did not call for an opinion on the testimony of Dr. T. as given on the trial, but according to the symptoms given by Dr. T., which also included statements made by him on the preceding day.

4. A medical expert will not be allowed to testify to an opinion formed upon information derived from private conversations with witnesses in a case. He may examine the patient, and from this give his opinion to the jury. If he has not made a personal examination, then the proper practice is to put a question to the witness reciting the supposed facts hypothetically, upon which the opinion of the expert is wanted.

5. Same—*opinion as to speed of train of cars.* There is no error in allowing a witness, who has been a brakeman on a train for several years, to state his opinion as to the rate of speed a train was running at the time of an accident.

6. Pleading and evidence—*when plaintiff not required to prove every allegation.* In an action of trespass on the case, to recover for an injury caused by acts of negligence, it is not proper to instruct the jury that the plaintiff can not recover unless every material allegation in the declaration is proved. It is sufficient if the plaintiff proves enough of the material allegations of his declaration to make a cause of action.

7. Practice—*time to object.* An objection to the introduction of a foreign statute in evidence, on the ground it is not set out or given in the pleadings, comes too late when made in this court for the first time. It should be made in the trial court, so that it may be obviated by amendment.·

8. Same—*when party precluded by his acts from making a particular objection.* On the trial of an action brought in this State against a railway company for an injury claimed to have resulted from negligence, the case was tried by both parties on the theory that the doctrine of comparative negligence was applicable, and the defendant asked instructions laying down the rule adopted in this State. On appeal the defendant urged that an instruction given for the plaintiff stating the law of comparative negligence correctly, as expounded by our courts, was erroneous, as not stating the rule as it prevails in the State of Indiana, where the accident and injury occurred: *Held,* that the defendant was by acts precluded from urging such ground of error.

9. Same—*when specific objection necessary.* A witness in his deposition, which was taken in the presence of counsel on both sides, testified that an ordinance (an exhibit of which was attached) was, on a certain date, passed by the common council of the city. At the taking of the deposition only a general objection was made to the evidence, and no motion was made to suppress the deposition, or any part thereof, before the trial, on the ground that the passage of the ordinance was proved by parol instead of by the record: *Held,* that by failing to make the specific objection before the trial, so as to afford an opportunity to obviate it, the objection was waived.

10. Municipal corporation—*proof of its existence, in a collateral proceeding.* Where the question of the incorporation of a city arises collaterally, it is only necessary to show that the city is, *de facto,* a corporation. To prove its existence it is sufficient to produce the charter, and prove acts done under it and in conformity with it. Written proof that all the preliminary steps were taken is not necessary.

11. Same—*sufficiency of proof in this case.* To prove the incorporation of a city in the State of Indiana, under a general law conferring power to pass an ordinance sought to be proved, the plaintiff read from the statutes of Indiana an act of March 9, 1857, providing for the incorporation of cities, and prescribing their powers, and also certain sections of an act entitled "An

act to repeal all general laws now in force for the incorporation of cities, and to provide for the incorporation of cities, prescribing their powers and rights," etc., which showed authority to pass the ordinance in question, and then proved by a witness that he was city clerk of the city for the year 1879, (the year in which the ordinance appears to have been passed,) that the city council passed ordinances, which were published, etc., and also passed the ordinance sought to be proved, and in addition to this all the witnesses, in testifying, spoke of the city as an incorporated city: *Held*, that the evidence was sufficient to show a *de facto* incorporation.

12. Foreign statutes—*must be pleaded.* Foreign statutes or the laws of other States must be pleaded, but such statutes are not required to be stated *in hæc verba.* It is sufficient to state the substance of so much of the statute as is relied on, conciseness in pleading being commendable. When the statute is not the foundation of the action, but comes in collaterally as evidence, the same degree of strictness in pleading it is not required.

13. Instructions—*should be confined to matters in issue.* On the trial of an action for negligence resulting in injury, the defendant asked the court to instruct the jury that the omission of certain acts or duties did not constitute such misconduct as the law would recognize as *wanton* or *willful.* Such negligence was not alleged in the pleadings or claimed on the trial: *Held*, that the instruction was properly refused, for the reason there was no such issue in the case.

14. Same—*as to the relative weight of testimony.* An instruction that the affirmative testimony of witnesses that the bell of a locomotive engine was rung at a given time and place, is of greater force and entitled to more weight than the testimony of witnesses of no greater credibility, and who had no better opportunity of hearing, that the bell was not rung, or that they did not hear it ring, and that under such circumstances the jury should give greater weight to such affirmative testimony than to the negative, is properly refused. It is not the province of the court to tell the jury which evidence is the strongest or entitled to the greater weight.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Sidney Smith, Judge, presiding.

Messrs. Judd & Whitehouse, and Mr. William Ritchie, for the appellant:

The ordinance of Michigan City was not provable by copy, as it required collateral proof, such as, proof of power to pass the same, and of its passage in due form. Starkie on Evidence, *268.

No proper foundation was laid for proof by copy. (1 Dillon on Mun. Corp. sec. 422.) Our statute on this subject has no application to ordinances of cities in other States. Rev. Stat. chap. 24, secs. 65, 82.

The ordinance was not properly authenticated, under the act of Congress. U. S. Rev. Stat. sec. 906; *King* v. *Dale*, 1 Scam. 513; *Giles* v. *Shaw*, Breese, 125; *Morrison* v. *Hinton*, 4 Scam. 457; *Brackett* v. *People*, 64 Ill. 170.

Objections to the substance of depositions may be made on the trial. *Frink* v. *McClung*, 4 Gilm. 569. See, also, *Wolsey* v. *Mahon*, 46 Texas, 62; *Steinkel* v. *Newton*, 38 Eng. C. L. 319; *Palmer* v. *Crook*, 7 Gray, 419; *Atlantic Ins. Co.* v. *Fitzpatrick*, 2 id. 279; *Tufton* v. *Whiteman*, 12 A. & E. 370.

Deposition of a witness, being in the nature of secondary evidence, is not admissible if the witness is present at the trial. Week's Law of Depositions, sec. 6; *Dunn* v. *Dunn*, 11 Mich. 292; *Boetge* v. *Landa*, 22 Texas, 108; *Stiles* v. *Bradford*, 4 Rawle, 401; *Haywood* v. *Barron*, 38 N. H. 369; *Sargent* v. *Adams*, 1 Tyler, (Vt.) 197; *Brewer* v. *Beckwith*, 35 Miss. 471.

It devolved upon the plaintiff to show authority to pass the ordinance. *City of Alton* v. *Insurance Co.* 72 Ill. 328; *Schott* v. *People*, 89 id. 197; *Chicago and Alton R. R. Co.* v. *Engle*, 76 id. 318.

There was no competent evidence of the passage of the ordinance. The only legal mode of proving facts on record is by the record itself, or by an attested copy. *Moore* v. *Newfield*, 4 Greenlf. 44; *Morrison* v. *City of Lawrence*, 98 Mass. 219; 1 Wharton on Evidence, sec. 65; *Ætna Ins. Co.* v. *Aldrich*, 38 Wis. 107; *Barr* v. *Village of Auburn*, 89 Ill. 361.

As to the proper basis on which an expert may give an opinion, see *Underwood* v. *Waldron*, 33 Mich. 235; *Hitchcock* v. *Burdet*, 38 id. 506; *Rich* v. *Jones*, 9 Cush. 337; 117 Mass. 122; *Sinnot* v. *Mullin*, 82 Pa. St. 342; *Grand Rapids R. R. Co.* v. *Huntley*, 38 Mich. 542; *Hunt* v. *Lowell Gas Co.* 8

Allen, 169; *Hand* v. *Brookline,* 126 Mass. 326; *Gilman* v. *Strafford,* 50 Vt. 726.

If the laws of another State be relied on, that law must be fully recited in the pleadings. *Wilson* v. *Clark,* 11 Ind. 387; 2 Waite's Practice, 329; *Tyler* v. *Kent,* 52 Ind. 584; *Walker* v. *Maxwell,* 1 Mass. 103; *Roots* v. *Merryweather,* 8 Bush, 397; *Homes* v. *Broughton,* 10 Wend. 75.

Expert need not hear all the evidence before he can give his opinion. Rogers on Expert Testimony, sec. 22; *Miller* v. *Smith,* 112 Mass. 475; *Davis* v. *State,* 38 Md. 40; *State* v. *Hayden,* 51 Vt. 296.

The plaintiff's right to recover is under the laws of Indiana, where the doctrine of comparative negligence does not prevail. That doctrine is peculiar to this and a few other States. 2 Thompson on Negligence, 1164, 1166; Wharton on Negligence, sec. 334; Shearman & Redfield on Negligence, sec. 39; Cooley on Torts, 677; Bigelow's Leading Cases on Torts, 725.

Counsel made various other points and cited many other cases, which are omitted for want of space.

Messrs. Edsall, Hawley & Edsall, for the appellee, made the following among various other points of law:

Facts showing a *de facto* organization of a city are sufficient when the question arises collaterally. *State* v. *Carr,* 5 N. H. 367; *Mendota* v. *Thompson,* 20 Ill. 197; *Doyle* v. *Douglas Machinery Co.* 73 id. 273; *Doyle* v. *Village of Bradford,* 90 id. 417.

If an objection to evidence can be obviated, it should be pointed out at the earliest opportunity, or it will be waived. *Doyle* v. *Village of Bradford,* 90 Ill. 417; *Harvey* v. *Dunn,* 89 id. 585; *Wright* v. *Smith,* 82 id. 527; *Buntain* v. *Bailey,* 27 id. 410; *Swift* v. *Whitney,* 20 id. 144; *Kassing* v. *Mortimer,* 80 id. 602.

A general objection is available only when the evidence is inadmissible under any circumstances. *Wilson* v. *King*, 83 Ill. 232; *Buntain* v. *Bailey*, 27 id. 410; *Sidwell* v. *Schumacher*, 99 id. 426; *Garrick* v. *Chamberlain*, 97 id. 621.

Only objections to the substance or pertinency of evidence taken by-depositions can be made for the first time at the trial. *Winslow* v. *Newton*, 45 Ill. 146.

If the deposition is taken on written interrogatories, the objections must be taken on motion to suppress, before the trial. *Cooke* v. *Orne*, 37 Ill. 186; *Corgan* v. *Anderson*, 30 id. 95.

If taken by oral examination, in the presence of both parties or their attorneys, objections which might be obviated must be specifically made before the commissioner, and noted by him. *Goodrich* v. *Hansen*, 33 Ill. 499; *Lockwood* v. *Mills*, 39 id. 602.

The ordinance was proved as an examined copy by the clerk who made the original record. All the law respecting such copies was fully met. 1 Greenleaf on Evidence, sec. 508.

The objection that the Indiana statute had not been specifically pleaded, not being made on the trial, was waived. *Indianapolis and St. Louis R. R. Co.* v. *Estis*, 96 Ill. 470; *Doyle* v. *Douglas Machinery Co.* 73 id. 273.

The law does not require that a statute of another State shall be copied at length in the pleadings. *Stacy* v. *Baker*, 1 Scam. 418; *Hyman* v. *Bayne*, 83 Ill. 258.

When the medical expert has not examined the patient, the general rule is, to require the questions to be so framed as to recite the supposed facts hypothetically, so that the witness may state his opinion upon such supposed facts, in case the jury find the same to be true. Rogers on Expert Testimony, secs. 24–26; *City of Decatur* v. *Fisher*, 63 Ill. 241; *Chicago, Rock Island and Pacific R. R. Co.* v. *Moffitt*, 75 id. 525; 1 Greenleaf on Evidence, sec. 440; *Sills* v.

*Brown*, 9 C. & P. 601, 38 E. C. L. 352; 1 Phillips on Evidence, (C. & H.'s notes,) 662, note.

There was no error in the instruction as to comparative negligence. Both parties tried the case with reference to the doctrine of comparative negligence as held by our courts. If the rule is different in Indiana, it was incumbent on the party seeking the benefit thereof to aver and prove what the Indiana law was. Rorer on Inter-State Law, 33, 34; Story on Conflict of Laws, secs. 637, 638; *Monroe* v. *Douglas*, 1 Seld. 447; *Chumasero* v. *Gilbert*, 24 Ill. 293; *Crouch* v. *Hall*, 15 id. 263; *Milwaukee and St. Paul Ry. Co.* v. *Smith*, 74 id. 197; *Tinkler* v. *Cox*, 68 id. 119.

Mr. Justice Craig delivered the opinion of the Court:

This was an action brought by James G. Ostrander, against the Louisville, New Albany and Chicago Railway Company, to recover damages for an injury received in Michigan City, Indiana, at the crossing of the railroad track with Franklin street, on the morning of November 21, 1881. The trial of the cause in the circuit court resulted in a verdict and judgment in favor of the plaintiff, which, on appeal, was affirmed in the Appellate Court.

In the first count of the declaration it is averred that Michigan City is a duly incorporated city under the laws of Indiana, and had power to pass ordinances for regulating the speed and management of cars and engines crossing its streets; that by virtue of such power the common council of said city passed an ordinance, which was approved and published as by law required, and was in force at the time of the injury; that said ordinance contained the following:

"Sec. 1. No locomotive or car shall be run faster than six (6) miles per hour within the following limits in said city, viz: From Chicago street (or Prison crossing) to the east line of Trail creek.

"Sec. 3. All railroad companies upon track or tracks which cross or intersect the following named streets at the points herein designated, to-wit: Franklin street and Chicago street, (or what is known as Prison crossing,) and at all other street crossings where they shall be required so to do by the mayor, shall keep a flagman stationed from six A. M. to nine P. M.: *Provided,* that when two or more roads so intersect a crossing, they may jointly employ one flagman.

"Sec. 4. Every locomotive or train running in the night time in said city, shall, while running, keep a brilliant light on the forward end, and some sufficient signal light in charge of some competent person, who shall remain on the rear end of such locomotive or train whenever it is backing."

It is then averred that the accident occurred after six o'clock in the morning, and before seven o'clock; that no flagman was present at the crossing to warn plaintiff of danger; that the train was running at a rate of speed exceeding six miles an hour; that the bell was not rung or the whistle sounded as the engine approached the crossing. Other averments are found in this·count of the declaration, but it will not be necessary to state them here.

In order to prove that there was. an ordinance as averred in the declaration, plaintiff offered to read in evidence the deposition of D. S. Brown. He testified that he was city clerk of Michigan City in 1879, and kept the city records; that he wrote the record, as clerk, of which exhibit "A," attached to his deposition, is a copy; that he compared the exhibit with the record; that the ordinance was published in the "Michigan City Enterprise," a paper published in Michigan City, for two consecutive weeks following its passage. In answer to a question, the witness, in his deposition, stated that exhibit "A" is a copy of an ordinance passed by the common council of Michigan City in 1879. This evidence was objected to by the defendant, but the court overruled the objection, and that decision is relied upon as error. We

do not regard the decision erroneous. The ordinance might have been proved by the production of the books in which it was recorded, but a sworn copy was also competent evidence. (1 Greenleaf on Evidence, sec. 508.) Upon an examination of the deposition enough was stated by the witness to bring it within the rule laid down by the author to allow exhibit "A" to be admitted as a sworn copy.

But it is urged that the evidence to prove the passage of the ordinance was incompetent. The witness testified that the exhibit "A" was an examined copy, compared with the original record in the office of the city clerk, where the records were properly kept; that the ordinance was passed by the common council of Michigan City, July 14, 1879. This deposition, as appears from the bill of exceptions, was taken in Michigan City, in August, 1882. The attorney of the defendant was present, and made such objections to questions propounded as he saw proper, as to the manner in which the ordinance was proved or passed. Nothing but a general objection was made, and after the deposition had been taken it remained on file about two months before the trial, and no motion was ever made to suppress the deposition, or any part thereof. We think the objection to the evidence, made for the first time on the trial, comes too late. If the defendant was not satisfied with the manner in which plaintiff had proved the passage of the ordinance, he should have entered a motion to suppress that part of the deposition before the trial. If the objection had been made in season, it might have been obviated by producing other proof of the proper passage of the ordinance. But as defendant failed to object before the trial that the passage of the ordinance was proven by parol, when, perhaps, it should have been proven by the records of the common council, the objection was waived. *Cooke* v. *Orne*, 37 Ill. 186.

It is also contended that there is no proper evidence that Michigan City was a corporation. The question of the incor-

poration of the city in this case arises collaterally, and it was only necessary to show a *de facto* incorporation. In *Mendota* v. *Thompson,* 20 Ill. 197, where the question arose collaterally, as here, it was held: "To prove the existence of a corporation it is sufficient to produce the charter, and prove acts done under it and in conformity with it. Written proof that all the preliminary steps were taken was not necessary." See, also, *Doyle* v. *Village of Bradford,* 90 Ill. 417.

For the purpose of proving that Michigan City was incorporated, the plaintiff, on the trial of the cause, read from the statutes of Indiana an act of March 9, 1857, providing for the incorporation of cities, and prescribing their powers, etc. The plaintiff also read from the Session Laws of Indiana of 1867, the title of "An act to repeal all general laws now in force for the incorporation of cities, and to provide for the incorporation of cities, prescribing their powers and rights, and the manner in which they shall exercise the same, and to regulate such other matters as properly pertain thereto, approved March 14, 1867," and from which act the following was read:

"Sec. 47. The common council shall hold stated meetings at least twice in each month, and the mayor or any five councilmen may call special meetings. A majority of all members to which the wards are entitled shall be a quorum."

"Sec. 53.   *   *   *   The common council shall have power to enforce ordinances.   *   *   *   Eighth. To establish and regulate the police of the city.   *   *   *   Forty-second.   To regulate the speed of railroad trains through the city, and also to provide by ordinance for the security of citizens and others from the running of trains through any city, and to require railroad corporations to observe the same, and also to require such corporations to keep clean the gutters and crossings of the streets along which their railways may pass."

Section 56 of the same act confers power to make ordinances, and section 57 provides for the publication of ordinances.

Here was an act of the State under which the city in question might have become incorporated, which conferred the power to pass the ordinance read in evidence. Brown testified that he was city clerk of the city of Michigan City for the year 1879; that the city council passed ordinances which were published in the "Michigan City Enterprise," a paper published in the city. He also testified that the common council of Michigan City, on June 14, 1879, passed an ordinance, a copy of which was attached to his deposition. In addition to this, all the witnesses, in speaking of Michigan City, refer to it as an incorporated body. This evidence, where the question arose collaterally, as here, must be regarded as sufficient to establish, *prima facie*, that Michigan City was incorporated under the act of 1867.

It is next contended that the court erred in permitting Dr. Brown to answer the following question: "What, in your opinion and knowledge of Mr. Ostrander's previous health and condition, has caused his present illness or disorder, as described by you?" The witness answered: "My opinion is, it results from the injury in November last." The objection to the answer, as we understand the argument, is, that the witness was not shown to have had any knowledge of plaintiff's previous condition upon which to base an opinion. The witness, as disclosed by his evidence, was a physician and surgeon. He was called to examine the plaintiff on the morning he was injured. He had not, before the injury, made an examination of the plaintiff, but he had met him almost daily, before the accident, in going to and from his work. If the witness had met the plaintiff almost daily for a number of years, and was well acquainted with him, as is disclosed by his evidence, and was called upon to treat him

when he was injured, we think he had sufficient knowledge upon which to base an intelligent opinion as to the cause of his then illness.

It is also claimed that the court erred in allowing the witness Neat to state the rate of speed the train was running at the time of the accident. This witness had been a brakeman on a train for several years, and if any degree of skill is required before a witness can give an opinion as to the rate of speed a train is running at a particular time, he seemed to have been properly qualified.

The statutes of Indiana, act of March, 1857, March 14, 1867, and April 8, 1881, read in evidence by plaintiff, were, as defendant insists, erroneously admitted in evidence, on the ground they were not pleaded by the plaintiff. There is no doubt in regard to the rule that foreign statutes, or the laws of other States, must be pleaded. As to the act of 1881, the record fails to show that objection was made to its admission on the ground it had not been pleaded, and as the objection was not made on the trial, when an amendment of the pleadings might have obviated the difficulty, the objection must be regarded as waived by the defendant,—when made for the first time here, it comes too late. As to the other acts, the objection was made at the time they were offered in evidence, and the court held that they were sufficiently pleaded by the plaintiff.

In the first count of the declaration it is averred that Michigan City "was then and there a city, duly incorporated under the laws of the State of Indiana, and under its charter and the laws of the State of Indiana possessed full power and authority to pass all necessary ordinances to regulate the running of trains, cars and engines upon railroads passing through or within said Michigan City and across the public streets, and to regulate the speed thereof, and to ordain and establish all necessary police regulations respecting the same." The ordinance passed under the authority of the statute was

set out *in hæc verba*, but it is claimed that the statute should have been pleaded in the same way. We do not concur in this view of the law. The pleader, in the first count of the declaration, as we have seen, set out the substance of the statute, which, as set out, showed the authority of the city council to pass the ordinance in question. The substance of the act relied upon, clearly stated, is all that could be required. Conciseness in pleading is always commendable. If the statute relied upon had been set out *in hæc verba*, the defendant would not have been any better prepared to meet the case made by plaintiff than he was under the averment which set out the substance and legal effect of the statute. Why, then, incumber the record by setting out the entire statute, when an averment of its substance and legal effect gave ample notice that the statute would be relied upon? In 1 Chitty on Pleading, 216, in discussing this subject, it is said: "The courts will not, *ex officio*, take notice of private acts of parliament, and consequently such parts of them as may be material to the action or defence must be stated in the pleading." In *Walker* v. *Maxwell*, 1 Mass. 113, (a case cited by appellant,) it is said: "The plea ought to have set forth the statute, * * * that the court might see whether the proceedings stated in the plea were authorized by the statute. * * * The general allegation that those proceedings were pursuant to the statute * * * in such case made and provided, was not sufficient." We fully concur in the view taken in that case, but the question here involved is entirely different. In this case the substance and legal effect of the statute was set out, which was not done in the case cited. But it will not be necessary to examine other cases cited. We think the statutes of Indiana were sufficiently pleaded. (*Stacy* v. *Baker*, 1 Scam. 418; *Hyman* v. *Bayne*, 83 Ill. 258.) Had the action been brought on a statute, more strictness might be required in pleading the statute, but such is not the case. Here the statute is not

the foundation of the action, but it comes in question collaterally, as evidence in the case.

It is also contended by counsel for appellant, that the court erred in refusing to permit Dr. Hunter to answer the following question: "Please state what, in your judgment as a physician, is the present malady of the plaintiff, according to the symptoms as given by Dr. Tillottson." The witness had stated that he had heard Dr. Tillottson's testimony, and also that the doctor had made a statement of the case to him on the day before. The question put to the witness did not call for his opinion on the testimony of Dr. Tillottson, as given on the trial, but according to the symptoms given by the doctor, which included statements as well, made on the previous day. We are not aware that it has ever been held that a medical expert has the right to testify to an opinion formed upon information derived from private conversations with witnesses in the case, and we are not inclined to adopt a rule of that character. A medical expert may examine the patient, and from such personal examination give his opinion to the jury. If the medical expert has not made a personal examination of the patient, then the proper practice is to put a question to the witness reciting the supposed facts hypothetically, upon which the opinion of the expert is wanted. 1 Greenleaf on Evidence, sec. 440.

The court gave one instruction for the plaintiff which it is conceded in the argument correctly states the law of comparative negligence as it exists in this State, but it is urged that the law of this State is not applicable to a case where an injury was received in Indiana; and hence it is urged that the instruction was erroneous. We shall not stop to determine whether this case should be controlled by the law of Indiana, or not, as we are of opinion that the defendant is precluded by his own instructions from raising this question. In defendant's instruction No. 4, at his request the court instructed the jury as follows: "In case of negligence by

both parties, resulting in such injury, the question to be determined by the jury, from the evidence, is, did the negligence of the plaintiff materially contribute to the injury, or was it so slight, and that of the defendant so gross in comparison, as to incline the balance in his favor." Again, in defendant's instruction No. 18, the jury were told, "if the negligence of the plaintiff materially contributed to the injury, then he can not recover unless his negligence was slight and that of the railroad company so gross in comparison as clearly to preponderate." The case was tried on the theory, by both parties, that the doctrine of comparative negligence was applicable to it. The jury were so instructed at the instance of the defendant, and he can not now complain of an instruction given for the plaintiff, which only announces the same rule which he himself caused to be laid down to the jury. *McGonigle* v. *Dougherty,* 71 Mo. 259.

The court refused defendant's ninth instruction, and this is relied upon as error. The substance of the instruction was, that the omission of a duty enjoined by law on defendant, such as, the absence of a flagman from a railroad crossing, did not constitute such misconduct as the law would recognize as wanton or willful. It was not alleged in the declaration or claimed on the trial that the conduct of the defendant was willful or wanton,—indeed, there was no issue of that character in the case,—and for this reason, if for no other, the instruction may be regarded as improper. It was not only proper, but the duty of the court, to confine the instructions to the questions properly involved in the case.

The court refused instruction No. 11, which declared: "In no event can the plaintiff recover unless every material allegation of the declaration is proven by a preponderance of the evidence to be true." This was an action on the case,— a tort,—and the plaintiff was not bound to prove every material averment of his declaration. If the plaintiff proved enough of the material allegations to make out a cause of

action, he would be entitled to recover, although all the material averments were not proven. The instruction was wrong, and the court did right in refusing it.

The court also refused instruction No. 13, as follows:

"The jury are further instructed that the affirmative testimony of witnesses that the bell of a locomotive engine was rung at a given time and place, is of greater force and is entitled to more weight than the testimony of witnesses of no greater credibility, and who had no better opportunity of hearing, that the bell was not rung, or that they did not hear it ring, and under such circumstances the jury should give greater weight to such affirmative testimony than to the negative."

A similar instruction was condemned by this court in *Rockwood* v. *Poundstone*, 38 Ill. 200. It is the peculiar province of the jury, where the evidence is conflicting, to properly weigh all the evidence, and determine for themselves what the weight of evidence may be. We do not understand that it was the province of the court to tell the jury which evidence was the strongest, or which is of greater force. The instruction was wrong, and properly refused.

It is also urged that the damages are excessive. That is a question of fact which was proper for the consideration of the Appellate Court, but under the rulings of this court it is not reviewable here.

The judgment will be affirmed.

*Judgment affirmed.*