## Chicago & Northwestern Railway Company
### v.
### George Trayes.

*Railroads—Negligence—Personal Injuries—Signals—Ordinance—Evidence.*

1. Negligence is a question of fact for the jury.
2. To instruct a jury as to the weight of affirmative and negative testimony is erroneous.
3. A red lantern hung to the corner of an engine tender is no compliance with an ordinance requiring " a brilliant and conspicuous light."
4. In an action for the recovery of damages from a railroad company for personal injuries, alleged to have been suffered through its negligence, this court declines to interfere with the verdict for the plaintiff.

[Opinion filed June 14, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding.

Messrs. W. C. Goudy and W. B. Keep, for appellant.

Mr. W. S. Johnson, for appellee.

Gary, J. From the testimony of the various witnesses in this case it appears, that on the dark and stormy evening of the 25th of November, 1883, while the atmosphere was saturated with rain drops and sleet, " which froze as they fell," and the moon, which lacked but three days of being full, shone bright and clear from unclouded skies through a balmy air several degrees above the freezing point, the appellants backed a locomotive and tender eastward on the north track on Kinzie street, across Robey street, in Chicago, and struck the appellee, who was crossing Kinzie street on Robey from the northwest toward the southeast corner of the intersection of the two streets. He received the blow upon his right shoulder, and without going into detail it suffices to say that

he has substantially lost the use of his right arm. An ordinance of the city put in evidence required the locomotive to carry "a brilliant and conspicuous light on the front end." In fact there was probably a red lantern hung to what was, as then moving, the northeast corner of the tender. At the same time that the locomotive and tender were entering upon the intersection of the streets from the west, a west bound freight train on the next track south, was leaving it.

It may well be, that if the bell was being rung on the locomotive some twenty or more feet from the end of the tender, that the noise of the passing freight train drowned the sound of the bell. This lantern and bell were the only warning, beyond the presence of the locomotive and tender themselves, of their approach. Whether the question be one of fact or law, it can hardly be said—the character of locomotive and headlights being taken into account—that a red lantern hung to the corner of the tender, complies with the ordinance; in a dark night an observer might readily suppose that a man was carrying it; and a practice of backing a locomotive and tender across streets of a populous city, in the early hours of dark nights at the same time that heavy freight trains—what in this record is called a double freight train—are crossing in the contrary direction, with no greater precaution than this record shows, it may be safely predicted, will sooner or later injure somebody.

These considerations were for the jury. The emphasis with which the counsel for the appellants pronounces a recent decision of this court that "the question as to what constitutes negligence is one of fact and not of law," * * * "a heresy * * * not supported by either principle or authority," comes with a strange sound from one who has been "a brilliant and conspicuous light" in his profession, through all the hundred and odd volumes in which the Supreme Court have reiterated the doctrine, from the case of the G. & C. U. R. R. Co. v. Yarwood, 17 Ill. 509, where they said, "Negligence is a question of fact and not of law, and the court had no right to determine it," down to L. S. & M. S. R. R. Co. v. Brown, 123 Ill. 162, where they repeat that negli-

gence is "a question of fact to be determined by the jury, upon consideration of all the facts and circumstances proved." Nor have they stopped at that. In Fairbury v. Rogers, 98 Ill. 554, in a connection too long to quote, they said: "The Circuit Court, in charging a jury, is confined to questions of law. It is not proper that expressions of opinion by this court that certain circumstances show or constitute a culpable want of care, should be given to the jury in an instruction. However sound such opinions may be, they relate alone to a question of fact, which, in the first place, by our law, must be submitted to the unbiased opinion of the jury." And for repeating to the jury, as an instruction, the opinion of the Supreme Court in relation to facts in the same case, when it was before them upon appeal from a former judgment, these appellants, by other counsel, procured the reversal of the second judgment in C. & N. W. Ry. Co. v. Moranda, 108 Ill. 576. The jury were instructed far more favorably to the appellants than the law of this State warrants. The refusal to instruct the jury as to the weight of affirmative and negative testimony, was not error; giving such instruction would be. Rockwood v. Poundstone, 38 Ill. 199; L., N. A. & C. Ry. Co. v. Shires, 108 Ill. 617. In a case recognizing the rule that affirmative is more to be regarded than negative testimony, it is still held that " it is the sole province of the jury to determine the weight that evidence should receive, and equally so to consider conflicting evidence, without any assistance from the court." Frizell v. Cole, 42 Ill. 362. Similar expressions can be found in many volumes of the Illinois Reports, 32–388, 41–254, 77–379.

The only real question in the case is whether the jury ought to have found the verdict that they did. The evidence on the part of the appellee warrants it. The only substantial conflict in the evidence was as to the character of the night. Upon the jury the Legislature of this State has placed the burden and responsibility of deciding between conflicting witnesses "without any assistance from the court." For a court to interfere with their decision upon mere dissatisfaction—the opinion of one man against twelve—upon a matter upon

which each of the thirteen is equally competent to judge, is usurpation. It does not become this place to inquire whether there is any justification or excuse for the very general generosity of jurors, at the expense of the proprietors of the ponderous and dangerous agencies of modern civilization.

There is no error in the record, and the judgment must be affirmed.

*Judgment affirmed.*