# Chicago and North-Western Railway Company
## v.
## Martha Mueller.

*Railroads—Negligence of—Personal Injuries—Crossings—Evidence—Instructions.*

It is not proper in personal injury cases to instruct the jury as to what particular acts were or were not consistent with the exercise of due care. That is always for the jury to determine.

[Opinion filed June 1, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Messrs. W. C. GOUDY and J. H. KREBS, for appellant.

Messrs. BYAM, WEINSCHENK & HIRSCHL, for appellee.

GARY, J.   This is an action by the appellee against the appellant, to recover damages for injuries sustained by her, as the result of a collision at a street crossing, of a train of cars of the appellant, with a wagon in which she was riding.   Whether, upon the evidence, she ought to recover, is a question we shall leave untouched.

For her, among others, the court gave these instructions:

3.   " The jury are instructed that it was, at the time of the accident, the duty of the defendant and its employes so to operate its road as to warn persons using the highway against approaching trains, and to obtain this result defendant's employes were bound to use all reasonable precautions, such as bells and whistles, and to erect and operate gates, or station flagmen, as seemed requisite by the nature, surroundings and circumstances of the crossing in question, and that, too, even if there was no statute or ordinance or other such law requiring the same."

4.   "The jury is instructed that when a railroad company erects gates at a crossing, the public have a right to believe that such gates will be opened to warn them against such trains, and in such cases, persons using the highway can not be deemed guilty of negligence in not stopping their teams and looking and listening for trains before passing upon the tracks, provided they exercise ordinary and reasonable care under all the circumstances, as shown by the evidence, to discover the approach of the train, and prevent being injured."

Both of these instructions are wrong in telling the jury what particular acts of the parties were or were not consistent with the exercise of due care.   That is always for the jury to determine, and the plaintiff, in an action against a railroad for personal injury, has little need of aid from the court upon the question.   Terre Haute & I. R. R. Co. v. Voelker, 129 Ill. 540; Lake Shore & M. S. Ry. Co. v.

Johnson, 135 Ill. 641; C. & N. W. Ry. Co. v. Trayes, 33 Ill. App. 307.

Many other points are raised in the case, but it is not necessary to consider them now, and they may never arise again.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*