| 64 | 601 |
|-----|-----|
| 165s | 499 |

# West Chicago Street Railroad Co. v. John H. Mueller.

1. PRACTICE—*Province of the Court and Jury.*—It is the sole province of the jury to determine the weight that evidence should receive, and equally so to consider conflicting evidence, without any assistance from the court.

2. INSTRUCTIONS—*Must be as to the Law.*—An instruction telling the jury that when one or more witnesses testify to being present upon any occasion, and that certain facts then took place, and other witnesses, of equal credibility, having equal means of knowing what took place, testify that they were present on the same occasion, and that such facts did not take place, then the testimony of the latter witnesses is not what is known as negative testimony, but is entitled to be regarded by the jury as affirmative testimony, goes too far in telling the jury how the testimony was entitled to be regarded.

**Trespass on the Case,** for personal injuries.    Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1896.    Affirmed.    Opinion filed June 11, 1896.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

MCCRACKEN & CROSS, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

On the trial the court at the instance of the appellee gave, and the appellant excepted to, the following instruction :

" The court instructs the jury that when one or more witnesses testify to being present upon any occasion and that certain facts then took place, and other witnesses of equal credibility, having equal means of knowing what took place, testify that they were present on the same occasion, and that such facts did not take place, [then the testimony of the latter witnesses is not what is known as negative testimony, but it is entitled to be regarded by the jury as affirmative testimony; and in such case] it is the duty of the jury to weigh all the testimony, and give a verdict as the weight may preponderate to one side or the other."

That the Supreme Court, in reviewing facts, has approved the principle stated, does not make that principle a rule of law. It is like what they have said when reviewing the fact of negligence. C. & N. W. Ry. v. Trayes, 33 Ill. App. 307.

In Frizell v. Cook, 42 Ill. 362, the court held the opposite of this instruction error, and so much of this as omits what is within brackets, correct; but in that case—as in effect is said in many others—it is said, " it is the sole province of the jury to determine the weight that evidence should receive, and equally so to consider conflicting evidence, without any assistance from the court." And see L. N. A. & C. Ry. v. Shires, 108 Ill. 617. This instruction goes too far in telling the jury how testimony was " entitled to be regarded." That was a matter simply of fact—not law. Best, Prin. Ev., Sec. 270; Wharton, Ev., Sec. 415.

Taking all circumstances together, the jury should decide which class of witnesses they would believe, and the court ought not to intimate that one class was better than, or equal to, another.

But the matter to which that testimony related was whether the gripman on a cable car which was about to pass westward, north of a train standing at the east cross-walk on Madison street at the intersection with California avenue, was ringing the bell on his car at the time the appellee was approaching from the south, driving a wagon.

The situation was that the west-bound train entered upon the intersection while an east-bound train stood in such a position that it hid the west-bound from the view of people approaching from the south. Under similar circumstances accidents often happen. C. C. Ry. v. Wilcox, 33 Ill. App. 450.

It is not reasonable to believe that the result was influenced by this instruction. The only other matter complained of, is that the appellee was permitted to prove the speed of the cable.

There was other testimony tending to show that the car was running at the full speed of the cable, but not what that speed was in fact in miles per hour; so such testimony was necessary to make the indefinite definite.

The judgment is affirmed.