## Henry Sheppelman v. The People of the State of Illinois.

1. INSTRUCTIONS—*when should be accurate.* Where the evidence is close and conflicting, the jury should be instructed with especial accuracy.

2. EVIDENCE—*when rulings upon, must be accurate.* Where the evidence is close and conflicting, the rulings of the court with respect to evidence admitted and excluded must be especially accurate.

3. HEARSAY—*when admission of, ground for reversal.* The admission of hearsay evidence with respect to matters material, is ground for reversal.

4. PROVINCE OF JURY—*when instruction as to weight of evidence invades.* An instruction with respect to the respective value of affirmative and negative testimony, in form as follows, is erroneous in that it invades the province of the jury:

"The court instructs the jury that the evidence of the various witnesses who have testified that they never saw Alonzo Phillips intoxicated, is negative evidence only, and does not disprove the affirmative evidence of those witnesses who testified to having seen him intoxicated."

5. INTOXICATING LIQUORS—*when competent to show habit of drinking.* In a criminal prosecution for selling intoxicating liquors to one in the habit of getting intoxicated, it is competent to permit witnesses to testify directly as to the habit of the person in question in respect to the use of intoxicating liquors.

Criminal prosecution for sale of intoxicating liquors. Error to the County Court of Ford county; the Hon. H. H. KERR, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

SCHNEIDER & SCHNEIDER, for plaintiff in error.

W. H. STEAD and L. A. CRANSTON, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

An indictment consisting of three counts was returned against plaintiff in error charging him with having sold intoxicating liquors to one Phillips who, as it was alleged, was a person then and there in the habit of getting intoxicated. The indictment was certified to the County Court and a trial there had. The

jury returned a verdict of guilty upon three counts. Judgment was entered upon the verdict, and a fine of $90 and costs imposed.

It was further ordered that the defendant stand committed to the jail of Ford county until such fine and costs were paid. To reverse the judgment in question this writ of error is prosecuted.

It was not denied by plaintiff in error on the trial that he had sold intoxicating liquor to Phillips on several occasions. The main question in controversy was whether Phillips at the time was a person who was in the habit of getting intoxicated. Four witnesses called by the People testified that they had seen Phillips under the influence of intoxicating liquors and that in their opinion he was in the habit of becoming intoxicated, while thirteen witnesses for plaintiff in error testified that they had never seen him under the influence of liquor and that in their opinion he was not in the habit of becoming intoxicated. The evidence may therefore well be said to have been both close and conflicting. Hence it was imperative that the jury should have been accurately instructed as to the law and that the rulings of the court upon the evidence have been free from substantial error.

One Thompson was called as a witness on the part of the People. After he had testified that he had seen Phillips under the influence of intoxicating liquor frequently, the record shows that, over the objections of plaintiff in error, he was asked and permitted to answer certain questions as follows:

"Q. Do you know how much money he has squandered in the last two years by his drinking habits?

A. I don't know.

Q. You know whether he is making money or losing money in the last two years, do you?

A. From things that have come to my knowledge I would say that he was losing money.

Q. From things that have come to your knowledge

and otherwise how much has he lost within the last
two or three years?

A. Several thousand dollars.''

Proper exceptions were preserved to the rulings
of the court, in each instance. The testimony in ques-
tion was improperly admitted and was doubtless
highly prejudicial to plaintiff in error.

The statements of the witness, so far as based upon
"things that had come to his knowledge and other-
wise,'' were undoubtedly but mere conclusions derived
from hearsay. The question, in effect, called for what
the witness had heard relative to Phillips' losses, which
was clearly incompetent evidence for any purpose.

The sixth instruction given at the request of the
People reads as follows:

"The court instructs the jury that the evidence of
various witnesses who have testified that they never
saw Alonzo Phillips intoxicated, is negative evidence
only, and does not disprove the affirmative evidence
of those witnesses who testified to having seen him
intoxicated.''

In view of the conflict in the evidence the giving of
this instruction was palpable and prejudicial error.
The force and weight to be given to the testimony of
the respective witnesses was a matter to be determined
by the jury, and with which the court should not have
interfered. R. Co. v. Otstot, 212 Ill. 429; R. Co. v.
Robinson, 106 Ill. 145; R. Co. v. Shires, 108 Ill. 632;
R. Co. v. Feehan, 149 Ill. 203; Frizell v. Cole, 42 Ill.
362; Rockwood v. Poundstone, 38 Ill. 200. While it is
doubtless true, as is said in Murphy v. People, 90 Ill.
59, that affirmative evidence is in some cases as a
matter of fact necessarily of more probative force
than negative evidence, it is improper to so instruct a
jury as a matter of law. It is urged that it was
error for the court to permit witnesses to testify as
to whether Phillips was in the habit of drinking intox-
icating liquors to excess. The Supreme Court has
held such evidence to be competent. Gallagher v. Peo-

ple, 120 Ill. 179.  We perceive no serious error in the other rulings of the court upon instructions and evidence.  For the reasons indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*