**Leon A. Wolters, Defendant in Error, v. Henry B. Mason et al., Plaintiffs in Error.**

**Gen. No. 15,227.**

EVIDENCE—*when as to value of professional services improper.* If the question put to an expert as to the value of professional services did not recite all of the services rendered, the answer is improperly admitted over objection if such expert did not hear such testimony as to what services were rendered.

Error to the Municipal Court of Chicago; the Hon. FRANK P. SADLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed February 3, 1911.

MASON BROTHERS, for plaintiffs in error.

WYETH, CLARK & ZOLLARS, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

Defendant in error Wolters brought suit against plaintiffs in error, alleging breach of contract of employment in a certain litigation, and for monies said to have been collected for the defendant in error by the

plaintiffs in error and converted to their own use, and for money had and received by them for defendant in error, and not accounted for.

The errors assigned and argued are erroneous rulings on evidence, erroneous instructions, and that the judgment is against the clear weight of the evidence.

We are of the opinion that the court erred in excluding the testimony of the plaintiff below on his cross-examination upon the subject of the inconvenience occasioned to him by reason of the non-payment of the Mangler rent, in connection with the affidavit of the witness filed in the Mangler case.

Evidence as to services rendered by the defendants below up to the time of their discharge was proper under the issues, and it was error to exclude testimony of services rendered after December 2, 1907.

The testimony of the witness Bates as an expert on the value of professional services was improperly admitted. The objection to the question propounded to the witness should have been sustained, for the reason that it did not recite in substance all the services testified to by defendant Mason. Bates did not hear all the testimony and did not have personal knowledge of all the services rendered. Louisville, N. A. & C. Ry. Co. v. Shires, 108 Ill. 617; Schneider v. Manning, 121 *id.* 376; Pyle v. Pyle, 158 *id.* 289. We think the ruling of the court permitting Bates to answer the question tended to produce injustice and was reversible error.

Inasmuch as there must be a new trial, we refrain from passing upon the weight of the evidence.

For the errors indicated the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*