## Leon D. Hofer, Appellant, v. Chicago, Burlington & Quincy Railroad Company, Appellee.

### Gen. No. 7,437.

1. INSTRUCTIONS—*instruction as to relative weight of evidence as invasion of province of jury.* The relative weight of positive and negative testimony is for the jury to determine and in an action arising out of a grade-crossing collision involving the giving of signals by a railroad train it was prejudicial error to instruct the jury that positive evidence that a bell was rung or a whistle sounded is entitled to more weight than negative evidence in relation thereto.

2. HARMLESS ERROR—*sustaining objections to improper examination of witness as cure of error.* In an action for damage to plaintiff's truck by defendant's train the asking of questions designed to bring out the fact that in a former action by plaintiff for personal injuries arising out of the same accident a judgment for plaintiff was reversed because of the insufficiency of the evidence constituted reversible error though the court sustained objections thereto.

3. HARMLESS ERROR—*sustaining objection to questions as to plaintiff's insurance as cure of error.* In an action for damage to plaintiff's truck the error in asking questions designed to bring out the fact that plaintiff's loss was covered by insurance which had been paid and that the real party in interest was the insurance company was not cured by the sustaining of objections thereto.

Appeal by plaintiff from the Circuit Court of Peoria county; the Hon. CHARLES V. MILES, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded. Opinion filed May 20, 1925.

E. V. CHAMPION and GEORGE W. HUNT, for appellant.

J. A. CONNELL and JACK, IRWIN & JACK, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellant, Leon, D. Hofer, began suit in the circuit court of Peoria county against appellee, Chicago, Burlington & Quincy Railroad Company, to recover

damages for an injury to an automobile of appellant which was struck by a train of appellee at a crossing in Peoria county. There was a trial by jury, a verdict in favor of appellee, and an appeal has been prosecuted to this court.

Another branch of this case was before this court at the April term, 1924, and an opinion was filed on July 24, 1924, reversing a judgment in favor of appellant for personal injuries in the same accident. (235 Ill. App. 624.) In that case the facts are fully stated and it will not be necessary to repeat them.

The appellant complains of the fourth, fifth, sixth, seventh and eighth instructions given on behalf of the appellee. We have examined each of these instructions and do not find any substantial error in any of them except the last one. That instruction told the jury that positive evidence that a bell was rung or a whistle sounded, or as to any other fact not improbable in itself, is entitled to more weight than negative evidence in relation to such facts. This instruction should not have been given.

In *Rockwood v. Poundstone,* 38 Ill. 199, it was said:

"We do not understand it is the province of the court to tell the jury, in a case where there is much and conflicting testimony, or, indeed, in any case, which evidence is the strongest. It is not true that affirmative testimony is to be preferred before negative testimony, so called, under all circumstances, and that is the purport of this instruction, and was calculated to bias the minds of the jury very much. The value of all testimony is to be ascertained by the jury by weighing it and to find whichever way it may preponderate."

In *Louisville, N. A. & C. Ry. Co. v. Shires,* 108 Ill. 617, it was said:

"It is the peculiar province of the jury, where the evidence is conflicting, to properly weigh all the evidence and determine for themselves what the weight of the evidence may be. We do not understand that it is the province of the court to tell the jury which

evidence is the strongest or which is of greater force. The instruction was wrong and properly refused."

In *Frizell v. Cole,* 42 Ill. 362, it was held that even if such an instruction was permissible, it would constitute reversible error to give it if the court did not inform the jury what was positive and what was negative evidence. On account of the giving of a similar instruction the case was reversed.

In *Chicago & N. W. Ry. Co. v. Trayes,* 33 Ill. App. 307, it was held that the refusal to instruct the jury as to the weight of affirmative and negative evidence was not error, but the giving of such an instruction would be error.

In *West Chicago St. Ry. Co. v. Mueller,* 64 Ill. App. 601, and *Eastman v. West Chicago St. Ry. Co.,* 79 Ill. App. 585, it was held that the giving of a similar instruction constituted reversible error and that the instruction does not state a correct rule of law.

In *Himrod Coal Co. v. Clingan,* 114 Ill. App. 568, an instruction told the jury that greater weight should be given to those whose means of information were superior and to those who swore affirmatively to a fact rather than to those who swore negatively, and it was held that the giving of such an instruction constituted reversible error.

In *Sheppelman v. People,* 134 Ill. App. 556, it was said:

"The force and weight to be given to the testimony of the respective witnesses was a matter to be determined by the jury and with which the court could not interfere," citing *Chicago & A. R. Co. v. Robinson,* 106 Ill. 145; *Atchison, T. & S. F. R. Co. v. Feehan,* 149 Ill. 203; *Indiana, I. & I. R. Co. v. Otstot,* 212 Ill. 429.

On cross-examination appellant was asked if he were not the Leon Hofer who instituted a suit for personal injuries in the circuit court to the September term, 1922. An objection was made and overruled, and appellant answered "Yes." He was then asked whether or not the suit for personal injuries was not

brought against the defendant in this case, and over objection he answered "Yes." He was then asked if he did not recover a judgment against the defendant for personal injuries to his person, also for suffering, doctor and hospital bills. To this question an objection was sustained. The appellee then offered in evidence the record of a case entitled *Leon D. Hofer v. Chicago, Burlington & Quincy Railroad Company,* instituted in the circuit court of Peoria county, Number 5,690, including the præcipe, the summons and its return, the declaration, the pleas, the common-law record, the impaneling and selecting of the jury, the verdict of the jury, the overruling of a motion for a new trial, and in arrest of judgment. Objection was made to this offer on the ground that it was incompetent and did not go to the cause of action in question, that no plea was filed relative to the offer, that the evidence could not be introduced under the general issue, nor under the notice of special defenses, and the objection was sustained. The appellant was asked whether, in case a pecuniary judgment was rendered against the defendant, how much interest, if any, he would have in such a judgment. An objection was sustained to this question. He was then asked: "Is this lawsuit brought for your benefit or the benefit of another?" "Is there any one other than yourself interested in the outcome of this lawsuit?" To which questions objections were sustained. Thereupon, out of the hearing of the jury, the appellee offered proof that the truck in question was insured against accidental damage, and that the entire damage sustained to the truck over and above $150 had been paid by an insurance company. Objection was sustained to this offer.

It will be observed that to all of these questions, except the first two, an objection was sustained. The trial court was correct in sustaining each of these objections. The mere fact, however, that the objections

were sustained did not cure the error occasioned by asking the questions. The appellant had the right to have his case tried according to the rules of law. He had the right to the unbiased judgment of the jury under the evidence submitted. The only effect of asking these questions was to prejudice the minds of the jury and lead them to believe that appellant had no interest in the cause of action, that upon a former trial a court of review had held that the evidence submitted did not constitute a cause of action, and that appellant was not entitled to recover. Even though a court of review had held that the evidence as submitted did not constitute a cause of action, yet the appellee had the right to again submit his case to a jury, and he had the right to have an unbiased opinion of the jury as to whether the evidence was sufficient to make a case. We think appellant was deprived of substantial rights in the trial of this case, and that the mere asking of these questions and the giving of the eighth instruction constituted such reversible error as justifies us in reversing this judgment and sending the case back for a new trial in accordance with the rules of law applicable to trials of this kind.

For this reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*