# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1885.

### MARY TOBIN

v.

### THE CHICAGO CITY RAILWAY CO.

1. EVIDENCE—CONTRADICTION OF WITNESS.—The general rule that when a party produces a witness in proof of his cause, he thereby represents him as worthy of belief, and the law will not permit the party calling him to afterward impeach his general reputation for truth nor impugn his credibility by general evidence tending to show him unworthy of belief. does not preclude the party from proving the truth of any particular fact by other competent testimony, though in direct contradiction of what such witness may have testified, and though the evidence may collaterally have the effect of showing that he was generally unworthy of belief.

2. SAME.—The rule which excludes all evidence tending to contradict the statements of a witness as to collateral matters, does not apply to any facts immediately and properly connected with the main subject of inquiry. The court is of opinion that the alleged statements made by the plaintiff to the witness can not be regarded as being upon a merely collateral inquiry.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed May 20, 1885.

Messrs. DENT, BLACK & CRATTY BROTHERS, for appellant; as to evidence, cited Lockwood v. Poundstone, 38 Ill. 198; 2 Phillips on Evidence, 448; 1 Greenleaf on Evidence, §§ 443–4; Friedlander v. London Assurance Co., 4 B. & A. (24 E. C. L.) 193; Alexander v. Gibson, 2 Camp. 555.

Tobin v. The Chicago City Railway Co.

Messrs. HYNES, ENGLISH & DUNNE, for appellee; cited Griffin v. Wall, 32 Ala. 149; 1 Greenleaf on Evidence, § 444a; Chamberlain v. Lands, 27 Me. 458; 2 Phillips on Evidence, Part I, p. 780; Bullard v. Pearsall, 53 N. Y. 230; Adams v. Wheeler, 97 Mass. 67; People v. Safford, 5 Denio, 118; Sumner v. Crawford, 45 N. H. 416; Dewey v. Williams, 43 N. H. 384; Smith v. Henry, 2 Bailey (S. C.) 118; Dozier v. Joyce, 8 Post (Ala.), 303; Ortez v. Jewett, 23 Ala. 662; Commonwealth v. Buzzell, 16 Pick. 153; Derby v. Gallup, 5 Minn. 119; Harris v. Wilson, 7 Wend. (N. Y.) 57; Powers v. Leach, 26 Vt. 270; McDowell v. Gen. Ins. Co., 10 La. Ann. 16; Griffin v. City of Chicago, 57 Ill. 317; Coulter v. Express Co., 56 N. Y. 588; C., R. I. & P. Ry. Co. v. Bell, 70 Ill. 104.

WILSON, P. J.    This was an action on the case brought by appellant, Mary Tobin, against the Chicago City Railway Company, to recover for personal injuries occasioned by the alleged negligent management of the defendant's street car, on which the plaintiff was a passenger.    The claim of the plaintiff, as set out in her declaration, is, in substance, that desiring to alight from the car she signaled the conductor to stop, which he did, but that as she was in the act of getting off, the conductor caused the car to suddenly start, whereby she was thrown upon the ground and received the injury complained of.    The plaintiff introduced evidence tending to support a cause of action as alleged, but the jury found for the defendant company, and the plaintiff appealed to this court.

The principal question presented arises upon the action of the court below in rejecting certain evidence offered by the plaintiff.    It appears that the plaintiff called as a witness, one Charles P. Caldwell, the physician who attended the plaintiff immediately after the accident.    After testifying to the condition in which he found her, and the nature and extent of her injuries, the following question was asked by the plaintiff's counsel:    "What was stated to you as being the cause of the trouble she had?" to which he answered, "She said that when she got on the car she notified the conductor to let her off at F street; and when she came to F street, she said the con-

ductor was in the front part of the car, looking at the car ahead that had met with some accident, and she got off herself, and fell off the car, I believe, or got off while it was going, and the conductor did not see her even then, did not stop the car, or did not seem to pay any attention to whether she was hurt or not." Upon cross-examination, in reply to questions put to the witness by the defendant's counsel, he repeated, with some additional details, the statements made by the plaintiff substantially as above set forth.

The plaintiff being taken by surprise at this testimony, offered to prove by her daughter, who was present, and heard the conversation, and also by the plaintiff herself, that no such conversation took place, but that, on the contrary, what the plaintiff said was, that the car had stopped; that she attempted to get off; that the car started when she was in the act of dismounting, and by that means she was thrown down and injured. This evidence the court refused to receive, and the plaintiff excepted.

The general rule is that when a party produces a witness in proof of his cause, he thereby represents him as worthy of belief, and the law will not permit the party calling him to afterward impeach his general reputation for truth, nor impugn his credibility, by general evidence tending to show him unworthy of belief. But this rule does not preclude the party from proving the truth of any particular fact by other competent testimony, though in direct contradiction of what such witness may have testified, and though the evidence may collaterally have the effect of showing that he was generally unworthy of belief. 1 Greenl. Ev., sections 442–3; 2d Phil. Ev. 448; Lookwood v. Poundstone, 38 Ill. 198, in which the court said: "A party may not discredit his own witness by general evidence, the meaning of which is, that a party, after producing and examining a witness, can not prove him to be of such general bad character as would render him unworthy of credit, but that he is bound by such testimony is not the law." See also Alexander v. Gibson, 2 Campb. 556; Ewer v. Ambrose, 3 Barn. & Cress. 746; Bradley v. Ricards, 8 Bingh. 57.

But it is insisted by appellee that the testimony of Dr. Caldwell, which the plaintiff sought to contradict, related to a matter that was only collateral to the main issue to be tried, and that as to such testimony, the party calling it out is not permitted to disprove it. It may be conceded that where a party calls for answer as to a matter which is wholly and only collateral, and which does not bear upon the main issue to be tried, he is not allowed to disprove it. It is to be observed, however, in respect to the present case, first, that the witness was not asked to give the plaintiff's narrative of the details as to the manner in which the accident happened, but only as to the cause of the injury. Instead of replying generally that it was attributed to a fall from a street car, the witness proceeded to relate the entire conversation. The plaintiff, it is true, did not disavow or repudiate the testimony in express words, but she did what was equivalent to it, by objecting to the testimony when called for by the defendant on cross-examination, and by an explicit offer to disprove it by other witnesses. Alexander v. Gibson, 2 Campb. 555.

In the next place, we do not think the testimony of Dr. Caldwell in relation to the declarations of the plaintiff is to be regarded as bearing solely upon a question collateral to the main issue.

The plaintiff's declaration alleges that she was in the exercise of due care and caution at the time of receiving the injury, and this was an essential part of the issue which the jury had to try. The plaintiff's account of the occurrence, as related by Dr. Caldwell, bore directly upon the question of her care and caution, as well as upon that of the defendant's negligence. His testimony, if believed by the jury, would almost necessarily be fatal to the plaintiff's case, by showing that the injury resulted from her own imprudence and want of care. In a note to 1 Greenl. Ev., thirteenth edition, 449, it is said: "The rule which excludes all evidence tending to contradict the statements of a witness as to collateral matters does not apply to any facts immediately and properly connected with the main subject of inquiry."

In Melhuish v. Collier, 5 Ad. & El. N. S. 378, where a

witness produced by the plaintiff denied a fact material to the plaintiff's cause of action, and stated that persons connected with the plaintiff had offered him money to assert the fact, it was held that the plaintiff might not only go on and prove the fact by other witnesses, but might also disprove the subornation, for this latter fact had now become relevant.

In Friedlander v. London Assurance Co., 4 Bar. & Adol. 193, the action was covenant to recover on a fire policy. At the trial the plaintiff called a witness to prove that the latter had sold certain goods to the plaintiff before the fire, and had sent him an invoice and letter from Edinburg, relating to the goods. The witness admitted that he wrote the invoice, but denied that he ever sent the goods, and said the letter was in fact written in London, at the plaintiff's house and by his desire; and that the plaintiff's son and shopman had persuaded him to say he had sent the goods. At the trial Lord Tenterden rejected evidence offered by the plaintiff in contradiction of his own witness, and the jury found for the defendant. All the judges concurred in awarding a new trial, Patterson, J., saying, "The law is clear, but there is a good deal of difficulty in its application. I had a doubt at first whether the plaintiff's son and shopman could be called to contradict a witness who stated that the invoice had been fabricated by him in their presence, and that they had persuaded him to say that the goods were sent conformably to the letter and invoice. It struck me that this would have been offering evidence on a collateral point. But I am satisfied that the evidence on these facts was admissible, on the ground that they were not collateral, but material to the issue; and the genuineness of the letter was clearly a material question in the case." See also Alexander v. Gibson, *supra*.

In the light of the authorities referred to, as well as upon principle, we are of opinion that the statements made by the plaintiff to Dr. Caldwell can not be regarded as being upon a merely collateral inquiry. They related to and bore directly upon the main issue in the case, and so were material and pertinent. In so far as her relation of the occurrence was only a narrative of past events, it might not have been admissible

in evidence had it been objected to, but no objection to it was made, and it went before the jury. If the account of the accident which the witness puts in the plaintiff's mouth be true, she is not entitled to recover, and to deny her the right to contradict him and show the truth, if he stated falsely, would be contrary to sound reason and the principles of justice. That the plaintiff was taken by surprise at the testimony of Dr. Caldwell would seem to require no other proof than the nature of the evidence itself; for it is not to be supposed that a party would voluntarily call a witness to testify to a state of facts which would necessarily prove fatal to his case.

For the reasons indicated the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.