# CHARLES O. MCFARLAND
## v.
## THOMAS FORD.

*Evidence—Testimony of Witness Contradicted by Party Offering Him—Character Can Not Be Directly Assailed—Instructions.*

1.  While a party may not impeach the character of his own witness, he is not bound by his testimony and may contradict him by other witnesses, even though the evidence so offered may collaterally have the effect of showing the witness is unworthy of belief.

2.  A clause in an instruction saying that the party producing a witness " is not permitted afterward to deny that such witness is worthy of belief," is ambiguous and erroneous, and in the circumstances of the case presented, tended to mislead the jury.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Vermillion County; the Hon. E. P. VAIL, Judge, presiding.

Mr. J. B. MANN, for appellant.

Messrs. E. WINTER and F. BOOKWALTER, for appellee.

The appellant complains of appellee's third instruction, but, we think, without cause. We understand the rule to be, that where a party puts a witness on the stand, that he does thereby represent that he is worthy of belief, and can not impeach his general reputation for truth and veracity; nor can he, by his attorney, in the argument of the case to the jury, denounce the witness as unworthy of belief, as was done in this case. He may show the fact to be otherwise than as stated by the witness, by other testimony. The instruction complained of did not deny the right of appellant to do that, and in support of our position, we would cite the following authorities: Waller v. Carter, 8 Ill. App. 511; Toben v. Chicago City R. R. Co., 17 Ill. App. 82; Hill v. Ward, 2 Gilm. 296 ; Bates v. Bulkley, 2 Gilm. 394.

WALL, J.   In this case the evidence was very conflicting, and it might be said with propriety that a finding either way would not be disturbed if there was no error of law in the record.   One of the witnesses called for the plaintiff failed to testify as plaintiff evidently expected he would, and though not very definite, his testimony on the whole was favorable to the defendant.   At the instance of the defendant the court gave the following instruction:

"When a party to a suit puts a witness on the stand he thereby vouches for said witness, and that said witness is worthy of belief, and the party placing said witness on the stand is not permitted afterward to deny that such witness is worthy of belief."

The rule on the subject is laid down by Greenleaf, as follows: "When a party offers a witness in proof of his cause he thereby in general represents him as worthy of belief.   He is presumed to know the character of the witnesses he adduces, and having thus presented them to the court the law will not permit the party afterward to impeach their general reputation for truth, or impugn their credibility by general evidence tending to show them to be unworthy of belief."   Sec. 442. "But it is exceedingly clear that the party calling the witness is not precluded from proving the truth of any particular fact, by any other competent testimony in direct contradiction to what said witness may have testified, and this not only where it appears that the witness was innocently mistaken, but even where the evidence may collaterally have the effect of showing that he was generally unworthy of belief."   Sec. 443.   And so the rule is understood in this State.   Rockwood v. Poundstone, 38 Ill. 199; Tobin v. C. C. Ry. Co., 17 Ill. App. 82.   While a party may not impeach the character of his own witness, he is not bound by his testimony, and may contradict him by other witnesses, even though the evidence so offered may collaterally have the effect of showing the witness is unworthy of credit.

This rule of law is rather for the guidance of the court in determining what evidence is admissible than for the information of the jury.

Indeed it is difficult to see what occasion there would be to thus advise the jury in such a case as this, if in any case. No impeaching testimony was before the jury, but there was testimony in contradiction of the witness referred to, and the jury, when seeking to apply this instruction to the evidence, would naturally assume it was applicable to such contradictory proof. It must have had this effect if it had any. The last clause is at best somewhat ambiguous and inaccurate in saying that the party producing the witness " is not permitted afterward to *deny* that such witness is worthy of belief." In one way he *may*, in a certain sense, deny the credibility of the witness, that is, by producing such an array of contradictory proof as to overwhelm and extinguish him.

It was error to give the instruction and we are of opinion that it manifestly tended to mislead the jury. The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*