FRANK PARMELEE, Appellant, v. KATE AUSTIN, Appellee.

APPEAL FROM COOK.

In an action to recover for lost baggage, it is no objection to the witness that some of the articles lost may have been in his trunk, or that he may have had articles of his own in the baggage lost.
Circuit Courts must be allowed the exercise of a large discretion on the subject of leading questions.

THIS action was brought in a justice's court, and taken, by appeal, to the Cook Circuit Court.

Austin, the plaintiff below, sued out of the clerk's office of the Circuit Court a commission to take the evidence of one Jane M. King, of the city of New York.

On the 2nd March, 1857, the said commission was returned, with the deposition of said witness, duly filed and opened.

On the said 23rd day of May, 1857, the said cause was tried before MANNIERE, Judge, and a jury. The plaintiff, Austin, read, in evidence, on said trial the deposition of Jane M. King, aforesaid, which is as follows:

1st. To the first interrogatory on the part of the plaintiff, she, answering, says: "My name is Mary King. My age is 28 years. My residence is New York."

2nd. To the second interrogatory, she, answering, says: "I know the plaintiff, Kate Austin; do not know the defendant."

3rd. To the third interrogatory, she, answering, says: "The plaintiff was in Chicago during the latter part of November and fore part of December last. I went there with her, and saw her while there."

4th. To the fourth interrogatory, she, answering, says: "Upon the arrival of the plaintiff at Chicago, in November last, we had between us three trunks, one belonging to plaintiff, one wholly belonging to me, and I had a hat trunk, which contained articles of clothing of both plaintiff and myself. I had the three checks for all three trunks, and I gave the checks to an agent of Parmelee's omnibus line, on the arrival of the cars at Chicago. The hat trunk was never delivered by the omnibus line to us, or either of us, nor the check for the same returned to us."

5th. To the 5th interrogatory, the witness, answering, says: "The agent did give me a memorandum of the checks when he took the same. The last I saw of it was at the trial of this case before Esq. De Wolf, in the possession of Mr. Lumbard."

6th. To the sixth interrogatory, she, answering, says: "The hat trunk, which was lost, contained these articles belonging to the plaintiff: one winter hat, which was worth eighteen dollars; one summer hat, worth twenty-five dollars; one bracelet, worth

twenty-five dollars; one pair of undersleeves, worth ten dollars; two collars, worth five dollars each; three handkerchiefs, one worth five dollars, and the others, two dollars each, and some other articles which I cannot describe."

7th. To the seventh interrogatory, she, answering, says: "We were detained in Chicago some two or three weeks, trying to have the defendant either find or pay for the baggage. The other two trunks were delivered."

There was a finding for the plaintiff below, and a judgment for ninety-seven dollars.

Scates & McAllister, for Appellant.

Farnsworth & Burgess, for Appellee.

Caton, C. J. This was an action, brought before a justice of the peace, against Parmelee, as the owner of an omnibus line in Chicago, for the loss of baggage, delivered to the agent of his line.

We cannot say the court erred in overruling the objections to the deposition of Jane M. King. In substance, the evidence contained in the deposition was pertinent to the issue, and fully sustained it on the part of the plaintiff. She had no interest in the event of this cause. The action was not brought for the loss of any article belonging to the witness. It was no objection to the witness because the lost articles may have been in her trunk, or because she may have had articles of her own in the same trunk. Some of the preliminary questions were rather leading in form, but not so much so as to subject the testimony of the witness to reasonable suspicion. The Circuit Courts must be allowed to exercise a large discretion on the subject of leading questions.

The amended record shows that the words in the answer to the sixth interrogatory were " these articles," instead of the words " three articles," as is stated in the first record. This obviates the objection taken to the sufficiency of the evidence to sustain the verdict.

The defendant's counsel asked the court to instruct the jury as follows: " That if the jury believe, from the evidence, that the plaintiff and the witness, J. M. King, were the joint owners of the hat trunk in question, and as such, made a special agreement with defendant's agent for the custody or conveyance of the same and the contents, then the law is for the defendant." Which instruction the court refused to give as asked for, but gave the same amended, as follows: " That if the jury believe, from the evidence, that the plaintiff and witness, J. M. King,

were joint owners of the hat trunk in question, *and the goods therein contained,* and as such made a special agreement with defendant's agent for the custody or conveyance of the same, and the contents, then the law is for the defendant." To the refusal to give the instruction as asked, and giving the same with the addition aforesaid, the defendant's counsel excepted.

The instruction, as asked, was not the law, and the amendment to it was strictly proper. The whole case shows that the plaintiff was claiming to recover for the loss of the goods which the trunk contained; and if she was the exclusive owner of these, she had a right to recover for them, if the case was in other respects made out. Admitting that the defendant below was a special bailee of the goods, and did not receive them as a common carrier, still he was bound to account for their loss, or answer in damages for their value. Here was no attempt to account for them.

The judgment must be affirmed.

*Judgment affirmed.*