90   59
24a 390
24a 391

## JOHN MURPHY

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*selling liquor to one in habit of getting intoxicated.* To support a conviction for selling intoxicating liquor to a person in the habit of getting intoxicated, it is not essential the evidence shall show, beyond a reasonable doubt, that such person is constantly or usually intoxicated, but it is sufficient to show that he has been frequently intoxicated, and has thereby acquired an involuntary tendency to become intoxicated.

2. Although the proof showed that the person to whom liquor was sold had been drunk only from three to five times within the past two years before the trial, the court were unable to say the jury were unauthorized to find he was in the habit of getting intoxicated.

3. EVIDENCE—*negative.* The testimony of witnesses having a pretty fair knowledge of a person's habits, that they never saw him intoxicated, is negative evidence, and does not disprove affirmative testimony of others as to having seen him drunk.

APPEAL from the Circuit Court of Whiteside county; the Hon. JOSEPH M. BAILEY, Judge, presiding.

Mr. O. F. WOODRUFF, for the appellant.

Per CURIAM: The count of the indictment under which appellant was convicted, charges that appellant, on the third day of August, A. D. 1877, at, etc., "intoxicating liquors to one Patrick Leahy, then and there being a person who was then and there in the habit of getting intoxicated, did then and there sell, contrary to the form of the statute," etc.

The first point urged as ground for reversing the conviction is, the proof does not show that Patrick Leahy was in the habit of getting intoxicated *at the time* the liquor was sold to him; that, though he may have had such habit at some former time, this will not be sufficient.

There was evidence on the point from which the jury may have felt authorized to find that the habit existed when the sale was made, and the question was one of fact.

The next point urged is, that in order to maintain a conviction for selling liquor to a person in the habit of getting intoxicated, it is necessary for the prosecution to establish, by proof, beyond all reasonable doubt, that the person alleged in the indictment as the party to whom the liquor was so sold, had, at the time of such sale, a fixed habit of getting intoxicated, and that occasional acts of drunkenness do not constitute one, in the meaning of the law, a person who is in the habit of getting intoxicated.

The statute does not use the words "fixed habit." It simply says, a person who is in the habit of getting intoxicated—that is, applying one of Webster's definitions of habit, as quoted by appellant's counsel, having "the involuntary tendency to become intoxicated, which is acquired by frequent repetition." The evidence shows that Leahy had been drunk from three to five times within the past two years before the trial. We are unable to say, from this, the jury were unauthorized to find that he was in the habit of getting intoxicated. A man having the full control of his appetite could hardly be supposed to be guilty of such excess.

We lay no stress on the fact that some witnesses, having a pretty fair knowledge of Leahy's habits, never saw him intoxicated. Such evidence is negative only, and does not disprove the affirmative evidence of those who testify to having seen him drunk.

We perceive no substantial error in the giving and refusing of instructions.

We can not agree with counsel for appellant, that, to support a conviction in such cases, it is essential the evidence shall show, beyond reasonable doubt, that the party to whom the liquor is sold is constantly or usually intoxicated, but hold that it is sufficient to show that he has been frequently intoxicated, and has thereby acquired an involuntary tendency to become intoxicated.

The judgment is affirmed.

*Judgment affirmed.*