Richards v. Richards.

## WILLIAM RICHARDS

### v.

## ELIZABETH RICHARDS.

1. HABITUAL DRUNKENNESS.—In a suit for a divorce on the ground of habitual drunkenness an instruction that if the jury believed from the evidence that the defendant, for a period of two years prior to the beginning of the suit, was frequently and customarily or habitually given to the excessive use of intoxicating drink, and had during said two years or more lost the power or the will, by frequent indulgence, to control his appetite for it, then the defendant was guilty of habitual drunkenness, was proper.

2. SAME.—It was not error to refuse an instruction to the effect that to constitute the habitual drunkenness the intemperance must be such as to disqualify him from attending to his business during the principal portion of the time usually devoted to business.

APPEAL from the Circuit Court of La Salle county; the Hon. GEORGE W. STIPP, Judge, presiding. Opinion filed June 8, 1886.

Messrs. BULL, STRAWN & RUGER and Messrs. MAYO & WIDMER, for appellant; cited Mahone v. Mahone, 16 Cal. 626; McKay v. McKay, 18 B. Mon. 8; Camp v. Camp, 18 Texas, 528.

Mr. L. W. BREWER and Mr. D. B. SNOW, for appellee;

cited Murphy v. People, 90 Ill. 60; C. & R. I. R. R. Co. v. Crandall, 41 Ill. 234.

BAKER, J.   This was a bill for divorce filed by Elizabeth Richards against her husband, William Richards, charging habitual drunkenness for more than two years, adultery, and extreme and repeated cruelty.· The verdict and decree were for her on the first mentioned ground.   The record is now brought here, and various errors are assigned.

The evidence is quite voluminous and conflicting, and we think sufficiently supports the verdict.   If the statements of appellee and her witnesses were believed by the jury, then they were fully justified in returning a verdict that appellant had been guilty of habitual drunkenness for the space of two years prior to the filing of the bill.   Numerous witnesses, many of them business men in Streator, were introduced on the part of the defense, who testified they had met appellant, some of them quite frequently, and had never seen him intoxicated.   The weight of their statements is much weakened by the facts, which appear in evidence, that he lived on a farm adjoining the city limits and did much of his drinking at home, and in saloons located outside of the corporation, and after night.   In Murphy v. People, 90 Ill. 59, in speaking of this character of testimony, the court said : "We lay no stress on the fact that some witnesses, having a pretty fair knowledge of Leahy's habits, never saw him intoxicated.   Such evidence is negative only, and does not disprove the affirmative evidence of those who testify to having seen him drunk."

Many objections are urged with reference to the rulings of the court upon the admissibility of testimony.   From the examination we have made, we are inclined to think the decisions were substantially correct.   Extreme and repeated cruelty was a substantive charge in the bill, and facts tending to prove that charge were properly admitted in evidence, even if such facts did not tend to prove drunkenness; and the circumstances that appellee did not, when the evidence was closed, ask for a verdict on the ground of cruelty, did not relate back and have the effect to render the rulings of the

court in that behalf erroneous.   There was no motion made to exclude such testimony.   The conversation with Dr. Finley was not improperly admitted, as appellee first stated she thought her husband was there, and afterward stated positively that he heard what was said.   There was no error in sustaining an objection to the question that was propounded to appellant in his own behalf; it was leading and suggested the answer that was desired.   The trial court must be allowed to exercise a large discretion on the subject of leading questions.   Parmelee v. Austin, 20 Ill. 35.   We have referred to the principal points made under this assignment of error, and do not deem it necessary to specify the others.   We may remark that it would be indeed strange if in the course of a long trial in a warmly contested case, where frequent objections are interposed, many of which are captious, if not trivial, the rulings of the court should in every instance be entirely accurate and above criticism.   If there were any errors committed on the trial in this regard, they are not sufficiently manifest to justify a reversal on that ground.

The court instructed the jury that if they believed from the evidence that the defendant, for a period of two years prior to the beginning of the suit, was frequently and customarily or habitually given to the excessive use of intoxicating drink, and had, during said two years or more, lost the power or the will, by the frequent indulgence, to control his appetite for it, then the defendant was guilty of habitual drunkenness.   And the court refused, when requested so to do by the defendant, to instruct the jury that before they could find the defendant guilty a preponderance of the evidence must show that for a continuous period of two years prior to the filing of the bill the defendant had a fixed habit of drinking to excess to such a degree as to disqualify him from attending to his business during the principal portion of the time usually devoted to business.

Bouvier defines an habitual drunkard to be " a person given to inebriety or the excessive use of intoxicating drink, who has lost the power or will, by frequent indulgence, to control his appetite for it."   In State v. Pratt, 34 Vt. 323, it was said: " An habitual drunkard is one who is in the habit of get-

ting drunk, or is commonly or frequently so, but not necessarily always or universally drunk;" and it was there further said, "the common term or phrase *uses liquor to excess* when applied to a person is ordinarily understood to mean the same as saying that he gets intoxicated or drunk." In Commonwealth v. Whitney, 5 Gray, 85, it was said that he is an habitual drunkard "whose habit is to get drunk, whose inebriety has become habitual." In Ludwick v. Commonwealth, 18 Penn. St. 174, this language was used: "Occasional acts of drunkenness do not make one an habitual drunkard. Nor is it necessary he should be continually in an intoxicated state. A man may be an habitual drunkard and yet be sober for days and weeks together. The only rule is, has he a fixed habit of drunkenness." In Magahay v. Magahay, 35 Mich. 210, the court held the defendant was an habitual drunkard within the meaning of the divorce law; and as the basis of that conclusion they said, "he has a habit of indulging in intoxicating liquor so firmly fixed that he becomes intoxicated as often as the temptation is presented by his being in [the vicinity where liquor is sold. He either makes no vigorous effort to resist and overcome the habit, or his will has become so enfeebled by indulgence that resistance is impossible." In Murphy v. People, 90 Ill. 59, it was held that a person who is in the habit of getting intoxicated is one who has the involuntary tendency to become intoxicated, which is acquired by frequent repetition.

We think these authorities fully establish the propriety of the action of the court in charging the jury as it did, and in refusing to instruct as asked by appellant. The only authority to which our attention has been called which seems to hold the law to be as contended for by appellant, is the case of Mahone v. Mahone, 16 Cal. 626, and it will be noted that the point for decision in that case was this: the charges of the court below had been such as to convey the idea to the jury that the habit of drinking to excess must be of such a character as to render the party at all times incapable of attending to business, and the court of review held the charge was too stringent, and in that connection said: "If there is a fixed

Richards v. Richards.

habit of drinking to excess to such a degree as to disqualify a person from attending to his business during the particular portion of the time usually devoted to business it is habitual intemperance, although the person may at intervals be in condition to attend to his business affairs." It is hardly to be presumed from this, that the court intended to hold that there could be no such thing as habitual intemperance or drunkenness unless it was indulged in during the usual business hours of the day. The reason why the law makes habitual drunkenness a ground for divorce is not alone because it disqualifies the husband or wife from attending to business, but in part, if not mainly, because it renders the person addicted thereto unfit for the duties of the marital relation, and disqualifies such person for properly rearing and caring for the children born of the marriage. In Burns v. Burns, 13 Fla. 376, the court say: "The charge of habitual intemperance can only refer to a persistent habit of becoming intoxicated from the use of intoxicating drinks, thus rendering his presence in the marriage relation disgusting and intolerable." The intructions asked were also objectionable in this, that they required that the habit of drinking to excess should have been persisted in for the "*continuous*" period of two years; this was calculated to mislead the jury. As we have seen, the authorities are all to the effect it is not necessary the defendant should be continually in an intoxicated state, or universally drunk.

For a similar reason to this last, the action of the court in refusing to give the fourth instruction asked by appellant, without first making a modification, was right.

The fourteenth instruction was objectionable, in the form in which it was presented to the court; under it, even though the habitual drinking existed to such an extent as to deprive appellant of his faculties, and render him unwilling to control his appetite for strong drink, and unfit to attend to his usual affairs and business, yet such drinking would not be excessive.

We think the fifth and tenth instructions given on behalf of appellee are somewhat objectionable. The first mentioned is argumentative, and calls the special attention of the jury to an inconclusive fact, thereby giving it undue prominence.

The other, in the first part of it, trenched upon the province of the jury, but this was substantially cured by what followed. The defects in these two instructions were not of such character as to mislead the jury, and it is improbable that appellant was in any way injured thereby.

Upon consideration of the whole record, we are of opinion the decree should be affirmed.

Affirmed.