KATE BILL, Appellee, v. FRED BILL, Appellant.

**DIVORCE: Grounds—Cruelty—Commission of Crime.** The commission of a crime by a husband, not against the wife, but from which she unwittingly profited, and which caused her worry and injured her health, does not constitute "cruel and inhuman treatment," and is not grounds for divorce when there has been no conviction of the husband. So held where the husband was guilty of embezzlement.

**DIVORCE: Grounds—"Habitual Drunkenness."** If one indulges in the practice of becoming intoxicated whenever opportunity is presented, he is a habitual drunkard, though the separate intoxications are not excessive or not during business hours.

**DIVORCE: Evidence—Negative Versus Positive.** Negative testimony that witnesses had not seen the defendant in an intoxicated condition held not to overcome the positive testimony of witnesses that they had frequently seen defendant in such condition.

*Appeal from Crawford District Court.*—F. M. POWERS, Judge.

FRIDAY, APRIL 7, 1916.

REHEARING DENIED, MONDAY, DECEMBER 18, 1916.

ACTION for divorce, on the grounds of habitual drunkenness and cruel and inhuman treatment. Decree for plaintiff, and defendant appeals.—*Affirmed.*

*L. H. Salinger* and *Ralph MacLean,* for appellant.

*J. P. Connor,* for appellee.

PER CURIAM. I. The claim for divorce is based on habitual drunkenness after marriage and cruel and inhuman treatment, due to the fact that defendant embezzled and appropriated to his own use funds belonging to a voluntary association of which he was treasurer; that he took and appropriated goods from a store in which he was clerking (some of the goods being used by plaintiff); that he forged some notes and become a fugitive from justice, and used an assumed name. Plaintiff says that defendant told her of his crime; told her that he had been lying to her, and absconded, leaving her without any means of support; all of which preyed upon her mind, caused her to be nervous, to worry and to pass sleepless nights, to the injury of her life and health, and endangering her life. A demurrer to the petition was overruled, and defendant then answered, pleading that his wife without excuse abandoned him, and that she has since refused to return and live with him, and that he has offered to contribute to her support, but that she would not accept such contributions. Defendant also moved to strike from the petition all allegations of cruel and inhuman conduct, because the facts alleged do not in law amount to such treatment. This motion was overruled, and defendant excepted. The case then went to trial on the issues joined, resulting in the decree appealed from. Defendant has never been convicted of a felony. He was indicted for the offense of forgery, but upon trial was acquitted. So far as shown, he has not committed any of the other offenses charged, unless it be that he embezzled the funds of an association of which he was the treasurer; but, as this was made good by some-

one, no prosecution has ever been instituted. The most that can be claimed is that defendant confessed to plaintiff the commission of certain crimes, from which she unwittingly to some extent profited, and that this, together with defendant's conduct in absconding and leaving her, so preyed upon her mind as to endanger her life and health.

Does this constitute such cruel and inhuman treatment as the law recognizes as a ground for divorce? Of course, if plaintiff were grounding her action upon desertion, the defendant's leaving under the circumstances disclosed would amount to a departure without just cause or excuse; but, at the time this action was commenced, the period of time necessary to constitute desertion in law had not elapsed, and this was not made one of the grounds for divorce. The naked question here is: Does the commission of a crime by a husband and his confession thereof to his wife amount to cruel and inhuman treatment? If the crime were against the wife, perhaps it would; but if the offense is against a stranger, we are constrained to hold that this in itself is not a ground for divorce, unless a conviction follows. Conviction of a felony after marriage is made a ground for divorce, by statute. But the commission of an offense where there has been no conviction is not enumerated as one of the grounds. Unless, then, there be a conviction, or the offense is against the wife, it seems clear that it is not for the wife to accuse, and to say that his conduct toward her has been cruel and inhuman. She takes her husband "for better or for worse," and, unless the crime is against her, it is her duty to stand by him, unless, of course, it should appear that he entered upon his career of crime to annoy or injure the wife. The outrage is not inflicted especially on the wife, but is an infraction of the husband's duties to society; and, unless there be a conviction, the law says the bonds of matrimony must not be unloosed, no matter what the shame or humiliation of the wife. Otherwise, every dishonorable act

1. DIVORCE: grounds: cruelty: commission of crime.

by a husband toward third persons might be made a ground for divorce. Except for the defendant's drunkenness, of which we shall presently speak, and perhaps his conduct toward the wife after separation, he treated his wife with proper regard and observed his marital duties, and it ill becomes the wife to prefer criminal charges against him. Her efforts should be directed toward his reformation, and she should be the last to proclaim his vices to the world, unless they are aimed at her. This seems to be the universal holding of the authorities. *Weaver v. Weaver*, 77 N. Y. Supp. 568; *Lucas v. Lucas*, 2 Tex. 112; Bishop on Marriage and Divorce, Sec. 1550; *McClenahan v. McClenahan* (Del.), 80 Atl. 677; *Sharman v. Sharman*, 18 Tex. 521; Nelson on Divorce, Sec. 282. Of course, if the husband's crime be a sexual one, or is an outrage upon the wife's family or her relations, a different rule obtains. *Fleming v. Fleming* (Cal.), 30 Pac. 566; *Wright v. Wright*, 6 Tex. 3; *Davis v. Davis* (Ky.), 4 S. W. 822.

II. Habitual drunkenness after marriage is charged, and this charge is, we think, sustained by sufficient testimony. Except for one statement of the wife's, which it appears was inadvertently made, she being a German and not entirely familiar with the English language, it appears that, while both drank liquor to some extent before marriage, the defendant was not in the habit of doing so to excess. Indeed, defendant says that he has never drunk to excess. The preponderance of the testimony, we think, shows that, after his marriage, and commencing about a year thereafter, and down to the time of the separation, he became a hard drinker, and was frequently drunk. He shipped in his liquor from Omaha; and at the time he left home, large numbers of bottles were found at his home, and large supplies of liquor were seen at his home frequently before he left. True, the parties are Germans, and given more or less to drink. But this does not justify either husband or wife in acquiring habits de-

2. DIVORCE: grounds: "habitual drunkenness."

structive of the marital relations. It is not the use of intoxicants, but the abuse thereof which the divorce law condemns. It is also true that the defendant was not habitually drunk, but this is not necessary to make one an habitual drunkard under the divorce law. One may refrain from drink for a considerable time and yet be an habitual drunkard. If he has an irresistible habit of getting drunk, or indulges in the practice of becoming intoxicated whenever the opportunity is presented, he is an habitual drunkard. *Bizer v. Bizer,* 110 Iowa 248; *Wheeler v. Wheeler,* 53 Iowa 511. It is not necessary that he be staggering drunk, or that he become drunk during business hours. *Wheeler* case, supra; *State ex rel. Cosson v. Baughn,* 162 Iowa 308; *Richards v. Richards,* 19 Ill. App. 465; *McGill v. McGill,* 19 Fla. 341.

Direct testimony as to defendant's frequent intoxication is in the record, and, aside from his denials, he in a general way relies upon testimony from those who knew him before he left his wife, to the effect that they had not often seen him intoxicated, if at all. Such testimony is largely negative in character, and does not overcome the affirmative testimony of those who testified that they frequently saw him in an intoxicated condition. *Richards v. Richards,* supra; *McGill v. McGill,* supra; *Murphy v. People,* 90 Ill. 59. We shall not set out the testimony on which we base our conclusions. The trial court had the advantage of the presence of the parties and their witnesses, and the record itself is in support of the conclusion reached by it on this issue. The decree must therefore be, and it is—*Affirmed.*

3. DIVORCE: evidence: negative versus positive.

EVANS, C. J., DEEMER, LADD, WEAVER and PRESTON, JJ., concur.