Julia A. Licher, Defendant in Error, v. John Licher, Plaintiff in Error.

Gen. No. 6,707.

DIVORCE, § 45*—*when evidence sufficient to establish that husband was guilty of habitual drunkenness.* On a bill for a divorce on the ground of habitual drunkenness, evidence of plaintiff that defendant had been under the influence of liquor every day or nearly every day for the past 8 or 10 years and often did not know what he was saying or doing and that the habit had grown worse of late years, and evidence of his daughter that he could not get along at all without whisky, that she saw him under the influence of liquor every day, though he did not stagger, and evidence of another that defendant always drank whisky and could not get along without it, was always under the influence of whisky or alcohol, drinking alcohol if he could not get whisky, *held* sufficient to establish that defendant was guilty of habitual drunkenness.

Appeal from the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed December 17, 1919.

CHARLES H. DARLING, for plaintiff in error.

JOHN M. RAYMOND and JOHN K. NEWHALL, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case a writ of error is prosecuted from a decree of the Circuit Court of Kane county, finding the plaintiff in error guilty of habitual drunkenness for more than 2 years prior to the filing of the bill of complaint herein, and granting Julia A. Licher, defendant in error, a divorce on that ground. The plaintiff in error contends that the decree should be reversed because the evidence does not establish that the plaintiff

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in error was guilty of habitual drunkenness; and this is the only question raised in the case.

Julia Licher, the defendant in error, testified in reference to the matter of drunkenness, in answer to a question propounded to her, as to what had been the habits of her husband in regard to the excessive use of intoxicating liquors during the past 8 or 10 years, as follows: "Every day, or nearly every day, he has been under the influence of liquor. Often he did not know what he was doing or saying, and he was very ugly, and very abusive." Also that during that time he earned scarcely anything for the support of the family, and that she had to earn about everything that came into the house for the support of the family. Also that the liquor habit had grown worse of late years. Lottie LeSuer, the daughter of the plaintiff in error, testified with reference to the conduct of her father in the use of intoxicating liquors during the past 6 or 7 years, that it had been unendurable; that her mother had come to her house many times crying she could not stand it; and that her father could not get along at all without whisky; that the effect of his drinking whisky was to make him ugly; and that she saw him under the influence of liquor every day. It is true that she also testified that she never saw him when she considered him drunk, that he would not stagger; and the court put this question to the witness: "Would you consider him a drunkard?" To which she answered: "He had had his whisky always; he could not get along without it, but he would not stagger." Frank LeSuer testified in answer to the question as to the habits of the plaintiff in error concerning the use of intoxicating liquors: "I know that he has always drank whisky; he could not get along without it. He was always under the influence of whisky or alcohol. If he could not get whisky he would drink alcohol, if he could get that." There are many people who do not consider a man drunk unless he staggers; and this

seems to have been the idea which the witness Lottie LeSuer had, concerning drunkenness; but her testimony clearly corroborates the testimony of the complainant concerning the excessive use of intoxicating liquor by the plaintiff in error; and so does the testimony of Frank LeSuer. It is a matter of common observation that man may be "as drunk as a lord" and yet walk "as straight as a grenadier." According to Bouvier, an habitual drunkard is a person given to inebriety or excessive use of intoxicating drink who has lost the power of will by frequent indulgence to control his appetite for it. This definition was approved by this court in *Richards v. Richards,* 19 Ill. App. 465. Bishop also defines drunkenness to be a fixed habit of drinking to excess. 1 Bishop on Marriage and Divorce, sec. 813; and our Supreme Court in *Garrett v. Garrett,* 252 Ill. 318, approved of this definition. And adds that "drunkenness is the involuntary tendency to become intoxicated, which is acquired by frequent repetition, such frequent indulgence to excess as to show a formed habit and inability to control the appetite."

We are of opinion that the evidence of the drinking habits of the plaintiff in error clearly come within the definition.referred to, and must therefore be considered as sufficient basis for the decree. The decree is affirmed.

*Decree affirmed.*