STATE OF IOWA, Appellee, v. THOMAS RAGSDALE, Appellant.

**INTOXICATING LIQUORS:** Offenses—Intoxication Defined. Instruction reviewed, and held to properly define the offense of intoxication.

*Appeal from Story District Court.*—R. M. WRIGHT, Judge.

JUNE 22, 1923.

THE defendant was indicted, charged with the crime of operating a motor vehicle while he was intoxicated. A jury found him guilty, and he appeals.—*Affirmed.*

*J. F. Martin,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Maxwell A. O'Brien,* Assistant Attorney-general, for appellee.

PRESTON, C. J.—The evidence sustains the finding of the jury. It seems to be substantially so conceded. Counsel for

appellant says that a statement of the facts need not be made, because the matters relied upon are errors in the instructions of the court. Later in the argument, however, we are asked to examine the abstract and determine whether the verdict of the jury and the judgment of the court are sustained by the evidence admitted at the trial. This is a criminal case, and we have examined the typewritten abstract and the clerk's transcript, and find no error.

The only errors pointed out and relied upon are in reference to the instructions. Only a part of the instructions seem to be set out in the abstract. One of the instructions is on the subject of reasonable doubt. We find no exception thereto. No. 5 defines intoxication. Numerous cases are cited by appellant on this proposition, but he concedes that the instruction in question is quoted from *Elkin v. Buschner* (Pa.), 16 Atl. 102, and is substantially in the language of the instruction there given, which was approved by this court in *State v. Baughn,* 162 Iowa 308, 311. See, also, *Bill v. Bill,* 178 Iowa 1025, 1029. The instruction is not erroneous.

The crime charged may be serious in its consequences, endangering the lives of people lawfully and properly on the streets and highways. There is some confusion in the record as to what the judgment was. The abstract shows that the imprisonment was 150 days, and that there was a fine of $250 and a judgment for the fine and costs; while the clerk's transcript recites that the judgment was for 180 days and a fine of $250 and imprisonment for 75 days additional if the fine were not paid. Under the authority given us by the statute, we now fix the imprisonment at 150 days and the fine at $250, and award judgment for the fine and costs.

The judgment as so fixed and modified is affirmed, and the case is remanded, with directions to enter such a judgment, and the defendant is remanded to the custody of the officers.— *Affirmed.*

EVANS, ARTHUR, and FAVILLE, JJ., concur.