SUSIE A. CONVERSE, Appellee, v. CHAS. C. CONVERSE, Appellant.

No. 44080.

1360

Johnston & Shinn and McCoy & McCoy, for appellant.

L. D. Teter, for appellee.

DONEGAN, J.—The plaintiff, Susie A. Converse, brought this action against the defendant, Charles C. Converse, for a divorce and alimony. The record shows that the parties were married on January 13, 1915, and continued to live together as husband and wife until May 21, 1936, and that at the time the petition was filed on May 28, 1936, they had six children, ranging in age from 19 years to 6 years. The petition alleged that, for the past five years, the defendant had become addicted to habitual drunkenness and that he had been guilty of such cruel and inhuman treatment of the plaintiff as to endanger her life. Upon the trial of the case, in addition to the plaintiff herself, all the children, and other witnesses who were not members of the family, testified in her behalf. The trial court found for the plaintiff on both grounds of the petition and entered a decree granting her a divorce, awarding her the custody of the six minor children, ordering the defendant to pay $20 per month for the support of four of said children until each of them respectively became 16 years of age, and decreed that plaintiff have a life estate in a 43.24 acre tract of real estate, on which

the family home was situated, and that upon her death the six children succeed to the absolute ownership thereof as joint tenants with right of survivorship. The decree also ordered the defendant to pay certain delinquent taxes and penalty on said tract of real estate and $48.55 past due alimony, and decreed that the plaintiff should be the owner of two milk cows, a mule team, a part of the pigs, some hay, straw, wheat, oats, corn, certain farm machinery, and all household goods and furnishings. Defendant was further ordered to pay the clerk of the district court $150 for plaintiff's attorney's fees for trial of the case in the district court. From this decree, the defendant has appealed.

██ It is the contention of the defendant that the evidence presented in the trial of the case failed to establish either the ground of habitual drunkenness or the ground of cruel and inhuman treatment alleged in the petition. In addition to the plaintiff and the six children, four other witnesses, eleven in all, testified to the defendant's drunken condition on several different occasions. It is, of course, impossible to set out all of the evidence of the different witnesses, and we shall not attempt to do so. We have examined the record very carefully and we are satisfied the evidence presented by the plaintiff was abundantly sufficient to establish habitual drunkenness on the part of the defendant. The plaintiff and children were undoubtedly in a much better position than any of the other witnesses to know the defendant's habits with regard to the use of intoxicating liquor, and, while the specific instances of drunkenness described by them in detail in their testimony are necessarily limited, we think their evidence clearly establishes that the defendant had become so addicted to the use of intoxicating liquor that he was an habitual drunkard within the meaning of the divorce statute, section 10475, Code, 1935.

True, several witnesses testified for the defendant, but the result of their testimony amounted to little more than a showing that in their contacts with the defendant they had never seen him intoxicated. The evidence of several of these witnesses shows that their contacts with and knowledge of defendant's habits were so limited that their testimony is of very little, if any, value. Other witnesses were such that we think the trial court was justified in placing little credence in what they said. Still others indicated that their idea of drunkenness was that

a drunken man must be one who staggered around and fell over things and didn't know anybody or anything. As said by the trial court, in referring to the defendant's witnesses:

"Some of these were men who did not associate with him, some of them had the marks of dissipation on their own countenances, and they are not to be believed, while others would not think a man was intoxicated as long as he was able to stand on his feet."

In Bill v. Bill, 178 Iowa 1025, at page 1029, 157 N. W. 158, at page 159, in which the facts were somewhat similar to those in the instant case, we said:

"Direct testimony as to defendant's frequent intoxication is in the record, and, aside from his denials, he in a general way relies upon testimony from those who knew him before he left his wife, to the effect that they had not often seen him intoxicated, if at all. Such testimony is largely negative in character, and does not overcome the affirmative testimony of those who testified that they frequently saw him in an intoxicated condition. Richards v. Richards, supra [19 Ill. App. 465]; McGill v. McGill, supra [19 Fla. 341]; Murphy v. People, 90 Ill. 59. We shall not set out the testimony on which we base our conclusions. The trial court had the advantage of the presence of the parties and their witnesses, and the record itself is in support of the conclusion reached by it on this issue."

As to the proposition of cruel and inhuman treatment, we think the evidence is even more conclusive than on the question of habitual drunkenness. The evidence clearly indicates that the plaintiff is a hard-working and frugal woman; that, through her efforts in raising chickens and other produce, she provided for a large part of the family expenses; and that on only one occasion during her married life, which was at threshing time, was she given any additional help in the home. The record not only tends to show, but is sufficient to compel the conclusion, that the defendant, on numerous occasions, cursed and swore at both the plaintiff and the children, called her vile names, and threatened both her and the children. While there is no evidence of any physical violence used by defendant toward the plaintiff herself, there is evidence of his cruel and abusive treatment of some of the children in her presence. Not only this, but there

is evidence in the record that on several occasions he took some of his little boys with him into saloons and other places of questionable repute; that on one occasion when he was arrested and put in jail one of the children was with him, and slept all night in the automobile while the defendant was in jail; and that on another occasion he spent a large part of a night in a gambling place conducted by colored people and in which there were both men and women. Other instances of cruelty appear in the record and, in our opinion, amply justify the statement of the trial court that:

"A man who is in the habit of giving his little boys cigarettes, and then punishing the older ones because they smoke, who slapped the baby because she spilled milk and threw the glass across the room and shattered it, would stay out all night at places of the character to which the defendant went is not suitable to have the custody of children of the age of these."

██ Serious complaint is made against the provision of the decree which gave a life estate in the 43.24 acre tract of land to the plaintiff and directed that, after her death, it go to the children then living as joint tenants with right of survivorship. The record shows that at the time of the trial the defendant was possessed of 337 acres of land in addition to the 43.24 acre tract; that this 337 acres was encumbered for about $15,000, and that the 43.24 acre tract was free from encumbrance. The record further showed that the defendant had considerable personal property in addition to that set over to the plaintiff, and that all of it was covered by a chattel mortgage, which, however, had been greatly reduced at the time of the submission of the case. It is argued that the real estate, other than the tract given to the plaintiff is not of sufficient value to meet the encumbrance thereon, and that the decree is unjust in stripping the defendant of practically all his property. It is true, of course, that a decree of divorce should not make the divorced husband and father destitute for the purpose of permitting the wife and children to live in idleness and luxury, but, on the other hand, so long as the divorced husband and father has property or income, the divorced wife and children of tender age should not be deprived of a decent home and decent support. The 43.24 acre tract given to plaintiff for life constituted the family home, and the personal property set over to her was

undoubtedly for the purpose of enabling her and the children to work the land and earn a part of their living expenses. As to the personal property given to plaintiff and the sums of money which defendant was directed to pay her, in view of the fact that defendant seems to have been able to greatly reduce the amount due upon the chattel mortgage, that he still has a large amount of personal property and still occupies and operates the 337 acres of land, it seems quite probable that he will be amply able to make the payments imposed on him without serious inconvenience.

It is contended, however, that the trial court was without power to make the disposition of the 43.24 acre tract of land contained in the decree, and, without deciding the legal question involved, we think it doubtful, and unnecessary in this case, that the title to the remainder in the 43.24 acre tract of land, after the death of the wife, be taken from the defendant and given to the children, not for their support, but rather as a gift which may have no connection with their support and may not take effect until after they have reached an age when they would be amply able to provide for themselves. Appellee, in argument, apparently realizes the doubtfulness of the provision made in regard to this tract of land, and suggests that, if this court see fit, it may be modified, and that, instead of disposing of the entire title to the wife and children, the wife be given a life estate and the remainder left to the appellant. We believe the suggestion made would better meet the exigencies of the situation in this case than does the provision contained in the decree. We, therefore, direct that the decree be modified to the extent that the plaintiff be given a life estate in the 43.24 acre tract of land, and that the defendant be decreed to be the owner of the remainder, subject only to such life estate.

As thus modified, the decree of the trial court is hereby affirmed.—Modified and affirmed.

SAGER, C. J., and KINTZINGER, HAMILTON, STIGER, and MILLER, JJ., concur.