216

## Selma Grikietis, Appellee, v. Pius Grikietis, Appellant.
### Gen. No. 42,339.

filed May 10, 1943.

Opinion

KAL & ZARETSKY, of Chicago, for appellant; MAURICE L. ZARETSKY and ROBERT BERG, both of Chicago, of counsel.

LOUIS J. LEO, of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff filed her complaint for divorce on the statutory ground that defendant had been guilty of habitual drunkenness for a space of two years. The cause was heard by the chancellor, who entered a decree granting a divorce to plaintiff. Defendant appeals. He introduced no evidence but argues in this court that plaintiff failed to prove that defendant was an habitual drunkard for a space of two years, as required by the statute.

Plaintiff was married to defendant October 30, 1937. A number of witnesses testified that commencing on No-

vember 6, 1937, to September 4, 1939, defendant was in the habit of getting drunk on an average of two or three times every week, and on three separate instances while drunk defendant threatened plaintiff, using vile and abusive language.

In *Garrett v. Garrett,* 252 Ill. 318, 326, the court defined habitual drunkenness as a fixed habit of drinking to excess; "an involuntary tendency to become intoxicated, which is acquired by frequent repetition,— such a frequent indulgence to excess as to show a formed habit and inability to control the appetite." One may have the habit of getting drunk and yet be sober at times. *Richards v. Richards,* 19 Ill. App. 465. Habitual drunkenness does not mean constantly intoxicated, but that the party has acquired the habit of indulgence to excess, indicating inability to control the desire for intoxicating liquors. The proof that defendant was in the habit of becoming intoxicated one to three times a week for a period of about one year and ten months, without any evidence of reformation, is sufficient proof that defendant was guilty.

In September 1939, after it was clearly shown that defendant had become an habitual drunkard for nearly two years, he suffered a paralytic stroke and was taken to a hospital, later taken to a psychopathic hospital and from there to the Oak Forest Infirmary. Naturally, defendant was unable to get any liquor during the times he was in these hospitals, and he argues that he must be considered as reformed in his habits during this time. A somewhat similar situation was involved in *Dorian v. Dorian,* 298 Ill. 24, where the evidence showed the defendant had formed the habit of intoxication gradually, but during a part of the two years preceding the filing of the complaint for divorce was confined in an institution, during which time she was deprived of the use of intoxicating liquors. The court held that the fact that for a portion of the time defendant was not intoxicated, because she could not get intoxicating liquor, did not indicate that she was

not guilty of habitual drunkenness, the court saying: "Intoxication without intermission is not necessary to habitual drunkenness, and the evidence is conclusive that the defendant's habit of intoxication was never reformed." In *Fish v. Fish,* 126 Me. 342, is an extended discussion of this point. The court quotes from *McCraw v. McCraw,* 171 Mass. 146, as follows: "The ordinary experience of mankind, however, justifies the inference that a confirmed habit will continue, and, especially when such a habit has a natural tendency to weaken the will and lessen the power of self-control, we should infer its continuance, if nothing were shown to the contrary, and the inference would be reasonable."

In the present case it was shown that defendant was removed from the Oak Forest Infirmary, apparently by friends, to parts unknown to the plaintiff and which remained unknown to plaintiff until after the filing of her complaint. From this it is a reasonable inference that the habits of intoxication still continued. Certainly if defendant had reformed in this respect, this could have been proved by evidence. No attempt was made to do this.

We are of the opinion the chancellor properly entered the decree, and it is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.