Alice L. Ash, Appellant, v. Millard C. Ash, Appellee.
Term No. 45,012.

Heard in this court at the October term, 1945.
Opinion filed January 7, 1946. Released for publication February 7, 1946.

JACOBY, PATTON, MANNS & COPPINGER, of Alton, for appellant; V. M. JACOBY, of Alton, of counsel.

C. C. ELLISON, of Alton, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This is an action for divorce brought by Alice L. Ash, plaintiff appellant (hereinafter designated as plaintiff), against her husband Millard C. Ash, defendant appellee (hereinafter designated as defendant) charging said defendant in her complaint with habitual drunkenness for the space of two years. The case was heard before the court, without a jury, and after taking the cause under advisement for a time, the court found the issues in favor of defendant and dismissed the complaint for want of equity.

It is alleged by plaintiff that the court erred in entering up and approving the decree, and that the finding of the court is contrary to the law and the evidence.

Plaintiff testified, with reference to the drinking habits of defendant that he used intoxicating liquors for about 24 years, over which period of time he has averaged becoming intoxicated about every week-end, and always become intoxicated on holidays. Lucy E. Wilson, formerly a neighbor, testified "He has drank all the time I have known him. He become intoxicated on an average of once a week. For the past year or two I have seen him intoxicated on an average of at least once a week." Mrs. Arthur Miget, a sister of plaintiff, testified that in the period between 1934 and 1940 he drank every day and became intoxicated once a week. Mrs. Alice Lengacher, mother of plaintiff, testified that defendant usually got intoxicated over week-ends. She thought that he got intoxicated every week-end, which condition had existed for over 24 years. Charlene LaVerne Ash, daughter of the parties, a senior in high school testified, that defendant became intoxicated at least once a week, and that that had extended as long as she could remember; that when she was younger, she would be sent by her mother to the tavern to bring him home and that on those occasions he would be standing at the bar drinking and would be intoxicated. Other witnesses testi-

fied to his conduct in his home, his coming home apparently intoxicated and vomiting on the floor, and his conduct in driving the car in a reckless manner, when apparently under the influence of liquor.

In his own behalf defendant testified, that he had drank beer for 24 years, but that there were only several times in the last five years that he had been intoxicated; that in the preceding 20 years he had only been under the influence of liquor once a year. In characterizing his drinking habits, he testified that no one ever had to take him home; he never had been carried home and never been escorted home.

Defendant produced as witnesses in his behalf, Jack Battuello, owner and operator of "Jack's Tavern," where defense testimony showed defendant spent a large part of nearly every evening, a waitress at the tavern and five frequenters of the place who visited it from three to five times a week. Their estimate of his drinking varied from three or four beers to as many as eight or nine in an evening. All testified that they had never seen him drunk.

As a result of his drinking habits, as testified to by plaintiff, he was quarrelsome; ordered his wife out of their home; used much profane language; called her opprobrious names, a pot, a whore, a slut; had come home on one occasion when she was entertaining guests and vomited on the floor and neglected his family generally.

In the case of *Richards v. Richards*, 19 Ill. App. 465, at page 469, the court said, "The reason why the law makes habitual drunkenness a ground for divorce is not alone because it disqualifies the husband or wife from attending to business, but in part, if not mainly, because it renders the person addicted thereto unfit for the duties of the marital relation, and disqualifies such person for properly rearing and caring for the children born of the marriage. In *Burns v. Burns*, 13 Fla. 369, the court say, 'The charge of ha-

bitual intemperance can only refer to a persistent habit of becoming intoxicated from the use of intoxicating drinks, thus rendering his presence in the marriage relation disgusting and intolerable.' "

This record can hardly be read, without coming to the conclusion that the conduct of defendant "rendered his presence in the marriage relation disgusting and intolerable."

We also are of the opinion that the record amply shows that defendant was guilty of habitual drunkenness for the space of more than two years. According to Bouvier, and his definition has been approved by many Supreme and Appellate Court cases in this State, in which habitual drunkenness has been involved, an habitual drunkard is a person given to inebriety or excessive use of intoxicating drink who has lost the power of will by frequent indulgence to control his appetite for it. *Richards v. Richards, supra; Licher v. Licher,* 215 Ill. App. 441; *Youngs v. Youngs,* 130 Ill. 230; *Garrett v. Garrett,* 252 Ill. 318.

According to his witness, Jack Battuello, who operated the tavern since June 1, 1944, defendant was in his place of business every day since he began operating the tavern. According to the witness, Lucy Tuetkin, a waitress in the tavern, called for defendant, he drank eight or nine beers in an evening, which would indicate that he had lost the power of will by frequent indulgence to control his appetite for drink.

The testimony of these witnesses produced by defendant was negative in its character, as to defendant's drunkenness and we are inclined to hold insufficient as against the positive testimony of witnesses who testified affirmatively to his habitual drunkenness for a number of years greatly in excess of the period required by the statute.

It is the rule that the finding and decree of a chancellor, where he had the opportunity of seeing the witnesses and hearing them testify should not be

disturbed on appeal, except where the evidence clearly preponderates against such finding and decree. *Jones v. Jones,* 124 Ill. App. 201, 204; *McCarthy v. McCarthy,* 219 Ill. App. 369, 386; *Hall v. Pittenger,* 365 Ill. 135, 6 N. E. (2d) 134, 135; *Megahy v. Megahy,* 320 Ill. App. 362, 51 N. E. (2d) 75.

Yet after a careful review of the entire evidence in the present case, we have reached the conclusion that the finding and decree of the lower court is against the manifest weight of the evidence and should be reversed.

For the reasons herein indicated the decree of the city court of Alton is reversed and remanded, with directions to enter a decree for divorce in favor of plaintiff.

*Reversed and remanded with directions.*

CULBERTSON and BARTLEY, JJ., concur.